ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRETT STOUDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 09-CV-4113-JAR |
| M&A TECHNOLOGY, INC. and ) | |
| MAGDY ELWANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Plaintiff Brett Stouder brought this action against defendants M&A Technology, Inc. ("M&A") and Magdy Elwany, President/CEO of M&A, alleging various claims arising out of an employment agreement between the parties. This matter is now before the Court on defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 10). As explained more fully below, defendant's motion to dismiss is denied without prejudice.

## I. Legal Standard for Motion to Dismiss

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.[1] "This simplified notice pleading standard relies on liberal discovery rules and summary judgment

---

[1] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly*: "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." 550 U.S. 544, 555 n.3 (2007).

motions to define disputed facts and issues and to dispose of unmeritorious claims."[2]
"[G]ranting [a] motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."[3] In reviewing a Rule 12(b)(6) motion to dismiss, the court will draw all reasonable inferences in favor of the plaintiff.[4]

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[5] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[6] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[7] but requires more than "a sheer possibility."[8]

The plausibility standard enunciated in *Bell Atl. Corp. v. Twombly* seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[9] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely

---

[2]*Swierkiewicz*, 534 U.S. at 512.

[3]*Dias v. City & County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

[4]*Id.*

[5]*Twombly*, 550 U.S. at 555, 570.

[6]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[7]*Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009).

[8]*Id.*

[9]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

the allegations can be proven.[10]

The Supreme Court recently explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[11] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[12] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

## II.    Discussion

Defendants argue in their motion that the Statement of Claims in the Complaint fails to place them on notice of exactly what claims are being alleged against them, as plaintiff does not set forth elements for any particular cause of action. Plaintiff responds that the Complaint is sufficient under the Federal Rules of Civil Procedure and Supreme Court precedent to state a plausible claim for breach of contract and "failure to be paid his commissions and wages due him."

---

[10]*Id.* (citing *Twombly*, 550 U.S. at 556).

[11]*Ashcroft*, – U.S. –, 129 S. Ct. at 1949–50.

[12]*Id.* at 1950.

[13]*Id.*

[14]*Id.* at 1949.

### A. *Breach of Contract*

The elements for a breach of contract claim under Kansas law are: (1) the existence of a contract between the parties; (2) consideration; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) defendant's breach of the contract; and (5) that plaintiff suffered damage caused by the breach.[15] Plaintiff's Complaint alleges facts that, when assumed to be true, could plausibly give rise to a cause of action for breach of contract under Kansas law. He alleges that the parties entered into an Employment Agreement on March 23, 2005, and attaches the agreement to the Complaint.[16] Plaintiff's employment is the alleged consideration. Plaintiff alleges the specific paragraphs of the attached agreement that he claims were violated by defendants, constituting breach. Plaintiff alleges that the breach caused him damage and specifically requests monetary damages in excess of $75,000, liquidated damages, interest and costs, including attorneys fees and a declaratory judgment that the covenants not to compete are void or otherwise unenforceable. The Court finds these facts to be sufficient to state a claim for breach of contract under Kansas law.

"[I]n order to prevail on an implied duty of good faith and fair dealing theory under Kansas law, plaintiffs must (1) plead a cause of action for 'breach of contract,' not a separate cause of action for 'breach of duty of good faith,' and (2) point to a term of the contract 'which the defendant allegedly violated by failure to abide by the good faith spirit of that term.'"[17] "The

---

[15]*See, e.g.*, *Britvic Soft Drinks, Ltd. v. ACSIS Techs., Inc.*, 265 F. Supp. 2d 1179, 1187 (D. Kan. 2003).

[16]The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation omitted). This contract is clearly central to plaintiff's claim for breach of contract and the parties do not dispute its authenticity.

[17]*Terra Venture, Inc. v. JDN Real Estate-Overland Park, L.P.*, 340 F. Supp. 2d 1189, 1201 (D. Kan. 2004) (quoting *Britvic Soft Drinks Ltd. v. ACSIS Techs., Inc.*, 265 F. Supp. 2d 1179, 1188 (D. Kan. 2003) (citations omitted)).

duty of good faith assumes the existence of a contractual right; it does not create one."[18]  "This implied duty requires the parties to an agreement to refrain from 'intentionally and purposefully do[ing] anything to prevent the other party from carrying out his part of the agreement, or do[ing] anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'"[19]

Plaintiff sufficiently alleges a claim for breach of contract, as set forth above.  Plaintiff alleges that defendants intentionally failed to pay him earned wages and that they breached the agreement in all of the ways set forth in the Letter of Default he sent to defendants on June 18, 2009, attached as Exhibit B to the Complaint.[20]  Plaintiff alleges that he was terminated after defendants unilaterally cancelled the Employment Agreement, in contravention of the terms of the contract.  The Court finds these allegations sufficient to allege a theory of relief for breach of the duty of good faith and fair dealing.

## B.    *Wage Claims*

Plaintiff also alleges claims for violations of the Fair Labor Standards Act ("FLSA") and the Kansas Wage Payment Act ("KWPA").  Plaintiff alleges that "M&A failed to make payments of wages and commissions earned to Stouder in violation" of the FLSA and the KWPA.  He alleges that defendant willfully failed to pay him earned wages, that it failed to pay "with the design, intent and purpose to injure" plaintiff, and that plaintiff suffered damages in the form of "penalty, interest, and attorneys fees" as a result.

---

[18]*Id*. (quoting *Bank IV Salina, N.A. v. Aetna Cas. & Surety Co.*, 810 F. Supp. 1196, 1204 (D. Kan. 1992) (citation omitted)).

[19]*Id*. (quoting *Kay-Cee Enters., Inc. v. Amoco Oil Co.*, 45 F. Supp. 2d 840, 846 (D. Kan. 1999) (citation omitted)).

[20](Doc. 1, Ex. B.)

5

Plaintiff does not indicate the type of FLSA violation. He cites 29 U.S.C. § 216(c), but that section provides that the Secretary of Labor is authorized to supervise the payment of minimum wage or unpaid overtime compensation pursuant to sections 206 and 207 and allows the Secretary of Labor to bring an action to recover under those provisions. Section 206 governs the minimum wage requirements and section 207 governs maximum hours. This is a private action filed by plaintiff to recover wages, not by the Secretary of Labor, so section 216(c) does not apply. Plaintiff neither alleges unpaid overtime compensation, nor failure to pay a minimum wage. The Court finds that the Complaint fails to state a claim for relief under the FLSA, as it does not place defendants on notice of the claim against them.

Under the KWPA, "[e]very employer shall pay all wages due to the employees of the employer at least once during each calendar month, on regular paydays designated in advance by the employer."[21] An employer who willfully fails to pay wages as required by the KWPA may be liable to the employee for either a penalty, or an amount equal to the amount of unpaid wages.[22] Plaintiff does allege sufficient facts to state a claim for relief under this statute. He alleges that defendant willfully failed to pay his due wages and that he suffered damages.

## C. *Motion for Leave to Amend Complaint*

At the end of his response, plaintiff requests that he be allowed leave to amend the Complaint under Fed. R. Civ. P. 15, "[if] the Court finds that additional factual pleadings are necessary." As described in this Memorandum and Order, plaintiff's Complaint fails to sufficiently state a claim for relief under Fed. R. Civ. P. 12(b)(6) with regard to the FLSA claim. Because the request for leave is being made early in the life of the case, before a Scheduling

---

[21] K.S.A. § 44-314.

[22] § 44-315(b).

Order has been entered, the Court is inclined to allow plaintiff the opportunity to file a motion for leave to amend his Complaint.[23] However, plaintiff is reminded that the Court may deny a motion for leave to amend under Rule 15 if such amendment would be futile.[24] The Court will properly analyze the futility of the amendment under the standard enunciated above that would apply on a motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 10) is **denied without prejudice**. Plaintiff's request for leave to amend the Complaint is granted. **Plaintiff shall file his motion for leave to amend the complaint no later than November 16, 2009. Defendant shall respond by December 1, 2009. No reply shall be filed**.

**IT IS SO ORDERED**.

Dated: October 27, 2009

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               UNITED STATES DISTRICT JUDGE

---

[23] The Court declines to consider the request in plaintiff's response as sufficient to convert it into a motion for leave to amend. *See* D. Kan. R. 15.1 (setting forth requirements for motions to amend, including attachment of the proposed amended pleading).

[24] *See, e.g.*, *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001); *Huxall v. First State Bank*, 842 F.2d 249, 250 n.2 (10th Cir. 1988).