ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRET STOUDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-4113-JAR-KGS |
| ) | |
| M&A TECHNOLOGY, INC. and ) | |
| MAGDY ELWANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court is defendant and counterclaimant M&A Technology ("M&A")'s Motion to Set a Preliminary Injunction Hearing Date (Doc. 38). The motion indicates that it is brought under Fed. R. Civ. P. 65 and D. Kan. R. 65.1. Plaintiff Bret Stouder responded and opposes the motion. The Court has reviewed the parties' submissions and denies the motion, as discussed more fully below.

Cross-motions for summary judgment are pending before the Court on the merits in this matter. And defendants have already been fully heard on their Motion for Temporary Restraining Order. After conducting an evidentiary hearing, the Court denied defendants' motion for a temporary restraining order ("TRO"), temporarily restraining, enjoining and prohibiting plaintiff from directly or indirectly providing services or advice or having an interest in any entity offering services or products similar to those offered by M&A, or from calling upon, soliciting, writing, directing, diverting or accepting business from any client of M&A.

In its November 30, 2009 Memorandum and Order, the Court was unable to find that

M&A would suffer irreparable injury because it does not intend to continue to compete in the high performance computing market. In so ruling, the Court noted that (1) the evidence showed that the customer base for the products at issue is research facilities and universities that purchase the products through an open bid process; (2) as a salesman of these products, Stouder testified he could not carry the customers with him elsewhere and that he was not the only point of contact for all of the products sold through Team HPC; and (3) there was no evidence presented that plaintiff had discussions with parties who were presently customers and/or competitors of M&A. Because the movants were unable to show irreparable harm, they were required to show a substantial likelihood of success on the merits, a burden they did not meet. Accordingly, the Court denied defendants' motion for a TRO. The Court concluded that its ruling "should in no way operate as an endorsement of Stouder's admitted-to activities since his termination. If Stouder continues to contact M&A's customers and competitors, he must assume the risk that the Court may ultimately find in favor of M&A on summary judgment, or alternatively, that a jury ultimately finds in favor of M&A on its breach of contract counterclaim."

Defendants filed the instant motion, attaching the Affidavit of Donna Shepard.[1] Shepard is the Senior Vice President of EDU Sales, Purchase and Operations of M&A. She attests that M&A has maintained a presence in the HPC market since the time of Stouder's termination. She states that M&A has no future plans to sell or discontinue the HPC business. Plaintiff maintains that the Court should proceed to rule on the summary judgment motions. If the Court is inclined to grant the motion for preliminary injunctive relief, plaintiff requests that defendants produce

---

[1] (Doc. 39, Ex. 1.)

live witness testimony and produce Tom Garret, who did not appear at the TRO hearing despite being subpoened.

As an initial matter, the Court must consider the nature of the motion before it. Defendants style their motion as a "Motion to Set a Preliminary Injunction Hearing Date." The title of the motion suggests they are merely seeking a hearing, and no separate motion for preliminary injunction was filed. Yet, defendants reference Fed. R. Civ. P. 65 and the local rule governing such motions immediately below the title of their motion. And the substance of the motion appears to renew their request for preliminary injunctive relief. The Court construes this motion as a renewed motion for preliminary injunction based on new evidence.

Because defendants are renewing a motion that has already been heard and decided, the Court will entertain a hearing only to the extent defendants have new evidence to submit on the issue of irreparable harm that has arisen since the time of the last hearing on November 2, 2009. The Court expects this evidence to be submitted in the form of live testimony.

**IT IS THEREFORE ORDERED BY THE COURT** that the renewed motion for preliminary injunction is set for hearing on **Thursday, February 11, 2010 at 1:30 p.m.**

Dated: February 2, 2010

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE