ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRET STOUDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-4113-JAR-KGS |
| ) | |
| M&A TECHNOLOGY, INC. and ) | |
| MAGDY ELWANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court are plaintiff Bret Stouder's Motion to Alter, Amend and Reconsider Memorandum and Order Dated May 24, 2010 (Doc. 62), defendant M&A Technology's ("M&A") Motion for Permanent Injunction (Doc. 64) and plaintiff's Motion for Bond Pursuant to Fed. R. Civ. P. 65(c) (Doc. 63). The first two motions are fully briefed and no response was filed to the third motion. The Court has considered the briefs and is prepared to deny plaintiff's motion to reconsider, grant plaintiff's motion for bond, and grant defendant's motion for permanent injunction.

**I.     Motion to Alter or Amend and Reconsider**

On May 24, 2010, this Court entered a Memorandum and Order granting defendant's motion for summary judgment on plaintiff's claim for a declaratory judgment that the restrictive covenants in paragraph 11 of plaintiff's Employment Agreement ("Agreement") are not enforceable. The Court denied plaintiff's motion for summary judgment on that issue. Additionally, the Court granted defendant's motion for a preliminary injunction restraining

plaintiff from violating the restrictive covenants found in paragraph 11 of the Agreement.

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[1] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[2]

Plaintiff seeks reconsideration on two grounds: (1) the covenant not to compete in Article 11(a) of the Agreement is overly broad and unenforceable; and (2) the Court committed clear error in finding that there could be no uncured default by the corporation once the Employment Agreement was terminated.

Plaintiff's argument that the covenant not to compete is overly broad is raised for the first time in the motion for reconsideration; it was not presented to the Court on the parties' cross-motions for summary judgment. Plaintiff offers no reason why this argument could not have been raised earlier, in the numerous summary judgment briefs. A motion for reconsideration "is not appropriate to . . . advance arguments that could have been raised in prior briefing."[3] Plaintiff not only responded to defendants' motion for summary judgment on the issue but also presented his motion for summary judgment. His motion and response focused entirely on contract interpretation. The Court declines to allow him a second bite at the apple.

---

[1] *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[2] *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[3] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

2

Plaintiff's second argument is that the Court committed error in interpreting the Agreement to mean that there could be no uncured default by M&A once the Agreement was terminated. In construing paragraphs 11(a) and 11(b) of the Agreement, the Court determined that it need not determine whether there was a default by the Corporation because even if there was, it was not an uncured default, as that term is defined in those paragraphs. Because the Agreement was terminated by July 23, 2009 at the latest, the two-year restriction period applied, "regardless of the reason for the termination." The only way that the Article could be void is if plaintiff had terminated the Agreement pursuant to paragraph 6 because M&A did not cure its default(s) within 30 days of receiving notice from plaintiff. Instead, M&A terminated the Agreement before the 30 days expired.[4] As the Court explained in its Memorandum and Order, this interpretation is based on the plain meaning of the Agreement, read as a whole, which both parties negotiated. While it is not clear that plaintiff drafted the Agreement, as defendants had urged on summary judgment, it is clear that he had a strong role in negotiating its terms—this is the basis for his argument for why M&A breached the Agreement for failing to provide a succession plan. Plaintiff testified and argued in the briefs that this particular provision was included at his insistence. Presumably, plaintiff could have likewise insisted on language that would have avoided what he characterizes as a method for M&A to render their own breaches immaterial.

Plaintiff further argues that the Agreement imposes continuing obligations on M&A after the term expired, so there can be an uncured default under paragraph 11(a) even though the Agreement was terminated. Specifically, plaintiff points to M&A's obligation under paragraph

---

[4]The issue of whether plaintiff was terminated with or without cause remains (Doc. 1 ¶ 24), as it was not raised on summary judgment.

10(b) to provide a commission to plaintiff of any revenue he generated even after his termination and for commissions owed under paragraph 10(c) for other sales representative.  Plaintiff also argues that M&A continued to be obliged to accept all purchase orders that were commercially reasonable under paragraph 13(a).  The Court declines to reconsider its previous order on this basis.  The Court found only that M&A had not committed any "uncured default" under paragraphs 13(a) and 13(b) that would render the restrictive covenants void because, under those paragraphs, the uncured default must have occurred prior to termination.  Because there were no uncured defaults at the time M&A terminated the Agreement, plaintiff was bound to abide by the restrictive covenants in paragraph 13.  The Court did not rule on any issue concerning ongoing obligations by either party under the Agreement, but rather, ruled only on the issues before it on summary judgment.  Accordingly, plaintiff's motion for reconsideration of its previous Memorandum and Order is denied.

## II. Permanent Injunction

In granting defendant's motion for a preliminary injunction, enjoining plaintiff from violating the restrictive covenants in paragraph 11 of the Agreement, the Court indicated that it would favorably entertain a motion for permanent injunction, given its ruling on summary judgment.  Defendant has now filed its motion for permanent injunction, which plaintiff opposes.

To obtain a preliminary injunction, the moving party must establish the following elements to obtain relief: (1) a substantial likelihood of success on the merits; (2) a showing of irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a

showing that the injunction, if issued, would not be adverse to the public interest.[5] The factors required to obtain a permanent injunction are the same as those required to obtain a preliminary injunction with the exception that a permanent injunction requires proof of actual success on the merits.[6]

Plaintiff objects to a permanent injunction on the basis that the request is premature because there has been no discovery or trial. But the Court granted summary judgment to defendants on plaintiff's claim for a declaratory judgment that he is not bound by the restrictive covenants in paragraph 11 due to M&A's uncured defaults. In so ruling, the Court found that paragraphs 11(a) and 11(b) are not void due to uncured defaults by M&A and are, therefore, effective. This ruling constitutes defendant's actual success on the merits. There will be no trial on this issue. The fact that the parties submitted this issue on summary judgment prior to discovery does not change the impact of the summary judgment ruling. The parties made a tactical decision to file summary judgment motions on the issue of whether the restrictive covenants are enforceable early in the life of the case, prior to any discovery. In so doing, they requested that the Court determine the merits of plaintiff's claim for declaratory judgment on this issue and the Court ruled.

Plaintiff suggests that the Court's summary judgment ruling does not constitute proof of actual success on the merits, citing no authority. None of the cases cited by plaintiff stand for the proposition that a ruling on summary judgment does not constitute a determination on the merits; these cases all discuss the difference between a preliminary and permanent injunction, a

---

[5]*Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

[6]*Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818 (10th Cir. 2007).

5

completely separate issue. It is axiomatic that a summary judgment ruling constitutes a ruling on the merits and such a ruling is sufficient to establish actual success on the merits in the permanent injunction analysis.[7] The Court incorporates its previous findings in its May 24, 2010 Memorandum and Order, finding irreparable harm to defendant, that the balance of harms weighs in favor of defendant, and that the injunction is not adverse to the public interest. Accordingly, the Court grants defendant's motion for a permanent injunction.

Plaintiff requests that defendant post a bond under Rule 65(c) in the amount of $150,000, his lost income as a result of the injunction. The Court notes that plaintiff did not request a bond in his responses to the motions for temporary injunctive relief, nor did he request a bond at the hearings. The Court further notes that Rule 65(c) does not apply to permanent injunctions. However, the defendant has not responded nor otherwise objected to plaintiff's request for bond and the Court finds that the amount of his bond request is reasonable, as it represents his base salary of $85,000, plus commissions for 2010 in the amount of $65,000. Defendant shall post a bond in the amount of $150,000, which is sufficient to pay the costs and damages sustained by plaintiff if it is determined that he was wrongfully enjoined. The Court will favorably entertain a motion to release the bond upon a final judgment and expiration of time for appeal on this issue.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff Bret Stouder's Motion to Alter, Amend and Reconsider Memorandum and Order Dated May 24, 2010 (Doc. 62) is **denied**, defendant M&A Technology's ("M&A") Motion for Permanent Injunction (Doc. 64) is **granted** and plaintiff's Motion for Bond Pursuant to Fed. R. Civ. P. 65(c) (Doc. 63) is **granted**.

---

[7]*See, e.g.*, *Am. Airlines v. Christensen*, 967 F.2d 410, 412 (10th Cir. 1992) (affirming district court's grant of partial summary judgment and issuance of a permanent injunction).

**IT IS FURTHER ORDERED** that plaintiff is hereby permanently restrained from violating the restrictive covenants found in Article 11 of the Employment Agreement.

**IT IS FURTHER ORDERED** that defendant M&A shall post an injunction bond in the amount of $150,000.

Dated: August 19, 2010

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               UNITED STATES DISTRICT JUDGE