## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **BRET STOUDER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. <u>09-CV-4113-JAR-KGS</u>** |
| | ) | |
| **M & A TECHNOLOGY, INC.** | ) | |
| | ) | |
| **&** | ) | |
| | ) | |
| **MAGDY ELWANY** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUESTS<br>FOR PRODUCTION OF DOCUMENTS</u>

COME NOW Defendants M&A Technology, Inc. and Magdy Elwany, by and through their undersigned counsel of record, and hereby respond to Plaintiff's First Requests for Production of Documents to Defendants as follows:

### <u>GENERAL OBJECTIONS</u>

The following General Objections are incorporated within and apply to each of Defendants' Responses below, as if fully set forth within the text of such Responses.

1.      Defendants object to each request for production to the extent it calls for disclosure, implicitly or explicitly, of matters protected from discovery by the attorney-client and/or work product privileges, or which were prepared in anticipation of litigation or for trial.

2.      Defendants object to Plaintiff's First Requests for Production of Documents to the extent they seek to impose any obligations on Defendants other than those established by the Federal Rules of Civil Procedure and the Local Rules of this Court.



EXHIBIT

B

tabbies®

3.     Defendants object to Plaintiff's First Requests for Production of Documents, or portions thereof, to the extent they seek production of "all," "each," "every," "any," "relate(s) to," "refer(s) to," or similar terminology.   Plaintiff's terminology is overly broad, unduly burdensome, vague, and ambiguous in that the documents requested may only remotely or tangentially relate to the allegations and claims in this lawsuit or to the particular inquiry stated in Plaintiff's First Requests for Production.  Defendants represent that they will make a good faith effort to respond to Plaintiff's First Requests for Production within reasonable parameters pertinent to the allegations and claims raised in Plaintiff's Complaint.

4.     Defendants object to Plaintiff's First Requests for Production to the extent they call for documents in the possession, custody, or control of other parties or non-parties to this litigation.

5.     By answering these Requests, Defendants reserve and do not waive any of their General Objections, and Defendants reserve and do not waive any objection they may have to further discovery or admissibility in evidence of any of the documents provided.

6.     Defendants reserve the right to supplement their responses to these requests as appropriate and as allowed by the Federal Rules of Civil Procedure.

## RESPONSES TO DOCUMENT REQUESTS

1.     All documents referred to or referenced in responding to any interrogatory.

RESPONSE:  Objection.  Defendants object to this Request as overly broad, unduly burdensome, not reasonably calculated to result in discoverable evidence. Subject to and without waiving any objection, relevant documents will be produced

2.     All anticipated exhibits.

2

RESPONSE: Defendants will provide their trial exhibit list at the appropriate time as designated by the Court.

3.     Copies of every statement received from any individual relevant to any matter in this case.

RESPONSE: Objection. Defendants object to this Request as overly broad, vague and ambiguous. Subject to and without waiving any objection, Defendants will produce copies of relevant sworn statements, including affidavits, in Defendants' possession.

4.     All documents relevant to any issues in this litigation.

RESPONSE: Objection. Defendants object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to discoverable evidence. Subject to and without waiving any objection, Defendants will produce documents relevant to Plaintiff's Requests for Production.

5.     All documents concerning litigation in which any Defendants (sic) was a party.

RESPONSE: Objection. Defendants object to this Request as overly broad and unlimited in time and scope, and not reasonably calculated to lead to discoverable evidence.

6.     All email and other documents relevant to issues in this case, including but not limited to the termination of Mr. Stouder; the entry and fulfillment of the China Lake order; Florida litigation Case No. 07-CA-003230 involving Mr. Stouder; notice of your right to cure perceived faults in Mr. Stouder's employment agreement; Supercomputing 09; commission paid

3

or owed to Mr. Stouder; commissions paid or owed to other salesmen of Team HPC; and other matters relevant to this litigation.

RESPONSE: Objection. Defendants object to the request for "all email and other documents" as overly broad. Subject to and without waiving any objection, Defendants incorporate their responses to the remaining 69 requests for production, which more specifically cover the topics in this Request for production, and will produce relevant documents.

7.   Mr. Stouder's complete personnel file.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous with respect to the definition of "personnel file." Subject to and without waiving any objection, relevant documents regarding Mr. Stouder's employment will be produced.

8.   All agreements and drafts thereof concerning Mr. Stouder's employment, separation of employment, cancellation of employment, or other matters concerning his connection with Defendants.

RESPONSE: Objection. Defendants object to this Request as overly broad, unduly burdensome, not reasonably calculated to lead to discoverable evidence, and vague and ambiguous. Subject to and without waiving any objection, relevant documents will be produced.

9.   All notices of termination of Mr. Stouder's employment agreement.

RESPONSE: Objection. The request for "all" notice is incomplete because it omits verbal notifications. Subject to and without waiving any objection, all written notice of the termination of Plaintiff's Employment Agreement will be produced.

4

10    All documents evidencing sales made by Team HPC from January 1, 2008 through the current date.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. Subject to and without waiving any objection, relevant documents showing sales from January 1, 2009 to the date of Plaintiff's termination will be produced.

11.    The gross margin on each sale made by Team HPC from January 1, 2008 through the current date.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. Subject to and without waiving any objection, relevant documents showing gross margins on sales from January 1, 2009 to the date of Plaintiff's termination will be produced.

12.    The identification of each salesperson for Team HPC who made a sale since January 1, 2008.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. Subject to and without waiving any objection, relevant documents showing gross margins on sales from January 1, 2009 to the date of Plaintiff's termination will be produced.

13. The commissions paid to each sales person in the Team HPC division who reported to Stouder and were approved by the Corporation for sales from January 1, 2008 to the current date.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. Subject to and without waiving any objection, relevant documents showing gross margins on sales from January 1, 2009 to the date of Plaintiff's termination will be produced.

14. All agreements concerning the creation, maintenance, renewal and termination of the "1-800-TeamHPC" telephone number.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

15. All correspondence with each person concerning the creation, maintenance, renewal and termination of the "1-800-TeamHPC" telephone number.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. To the extent that

the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

16.     All documents concerning the creation, maintenance, renewal and termination of the "1-800-TeamHPC" telephone number.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

17.     All contracts and communications with the persons who updated the Team HPC website in 2010.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's

Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable.  Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request.  If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

18.    All documents concerning the update of the Team HPC website in 2010.

RESPONSE:  Objection.  Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence.  To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable.  Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request.  If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

19.    All policies and other documents concerning the installation and integration of sales made by Team HPC.

RESPONSE:  Objection.  Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence.  Subject to and without waiving any objection, relevant documents will be produced.

20.    Copies of each install script for sales made by Team HPC.

8

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. To the extent Defendants understand what Plaintiff is seeking, "install scripts" are not at issue in this case, and producing copies of the thousands of install scripts would involve the disclosure of confidential trade secrets with no relevance to this case.

21.    Each quote submitted by Team HPC to a potential customer since January 1, 2008.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence.

22.    Each bid submitted to a potential customer since January 1, 2008 by Team HPC.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence.

23.    The technical specifications for each new product rolled out by Team HPC since January 1, 2009.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants

9

are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

Subject to and without waiving any objection, Defendants will identify new products rolled out by Team HPC since January 1, 2009.

24.     Each marketing plan since January 1, 2009 for Team HPC.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

25.     Each profit and loss book of account created by or at the request of Mr. Tom Garrett regarding Team HPC's performance since January 1, 2008.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants

are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

Subject to and without waiving any objection, Defendants will produce documents showing TeamHPC sales and performance since January 1, 2009.

26.    Each profit and loss book of account created by or at the request of Mr. Carrington regarding Team HPC's performance since January 1, 2008.

RESPONSE:  Objection.  Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence.  To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable.  Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request.  If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

Subject to and without waiving any objection, Defendants will produce documents showing TeamHPC sales and performance since January 1, 2009.

27.    Copies of each succession plan for Mr. Magdy Elwany.

RESPONSE:  Objection.  Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence.  To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive

covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

28.    All correspondence with Microtech Computers, Inc. and/or Dana Chang and/or Michael Zheng and/or their agents, attorneys or other representatives since January 1, 2005.

RESPONSE: Defendants object to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. Specifically, Defendants object to the request to provide "all correspondence" as overly broad and not reasonably calculated to lead to discoverable evidence, in that it potentially encompasses any contact between Defendants and Microtech since January 1, 2005, which is far beyond the scope of discovery in this case. Further, this Request neither makes an effort to define what information is being requested nor does it connect in any way to the facts at issue in this case. Defendants do not understand how contact between Microtech and Defendants is relevant to this case. If Plaintiff can identify the nature of the "information and/or access" being requested and describe how that information relates to this case and is discoverable, Defendants are willing reconsider their objections.

29.    Copies of each document provided to Microtetch Computers, Inc. and/or Dana Chang and/or Michael Zheng and/or their agents, attorneys or other representatives since January 1, 2009.

RESPONSE: Objection. Defendants object to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. Specifically, Defendants

object to the request to provide "each document" as overly broad and not reasonably calculated, in that it potentially encompasses any contact between Defendants and Microtech since January 1, 2009, which is far beyond the scope of discovery in this case. Further, this Request neither makes an effort to define what information is being requested nor does it connect in any way to the facts at issue in this case. Defendants do not understand how contact between Microtech and Defendants is relevant to this case. If Plaintiff can identify the nature of the "information and/or access" being requested and describe how that information relates to this case and is discoverable, Defendants are willing reconsider their objections.

30.     All files and documents retained by Mr. Garrett concerning the Team HPC Division.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

Subject to and without waiving any objection, Defendants will produce documents showing TeamHPC sales and performance since January 1, 2009.

31.     All policies of M&A Technologies, Inc. including Team HPC regarding compliance with DOC9.

RESPONSE: Objection. Defendants object to this Request as not reasonably calculated to lead to discoverable evidence. Subject to and without waiving any objection, M&A refers Plaintiff to the federal regulations regarding compliance with D0C9 orders.

32.     All correspondence, documents, and other plans in regard to attending Supercomputing 09.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

33.     Each DOC9 order with Team HPC at some time between January 1, 2009 and the current date.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive

covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

Subject to and without waiving any objection, Defendants will produce documents showing orders with D0C-9 classification from January 1, 2009 to the date of Plaintiff's termination.

34.     Each DOC9 order with M&A Technologies Inc. at some time between January 1, 2009 and the current date.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

Subject to and without waiving any objection, Defendants will produce documents showing orders with D0C-9 classification from January 1, 2009 to the date of Plaintiff's termination.

35.    Each notice provided notifying when the China Lake order could be performed.

RESPONSE:  Objection.  Defendants object to this Request as vague and ambiguous. Subject to and without waiving any objection, relevant documents regarding the China Lake order from Wyle Laboratories have been and will be produced, and Defendants incorporate their responses to other requests regarding the China Lake order.


36.    All policies and procedures concerning the conversion of orders.

RESPONSE:  Objection.  Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence.  Subject to and without waiving any objection, relevant documents will be produced.


37.    Division quotas for Team HPC for each month since January 1, 2008.

RESPONSE:  Objection.  Defendants object to this Request as overly broad.  Subject to and without waiving any objection, responsive documents will be produced.


38.    All compensation paid to Christopher Allison since January 1, 2008, specifically identifying when and for what.

RESPONSE:  Objection.  Defendants object to this Request as overly broad and not reasonably calculated to lead to discoverable evidence.  To the extent this Request is relevant to commissions due to Plaintiff, under the terms of the Employment Agreement Plaintiff was paid a percentage of the gross margins of the sales of Mr. Allison. Defendants have already agreed to produce records of commissions paid to Plaintiff, sales made by TeamHPC salespersons since January 1, 2009, and information regarding the gross margins on those sales.  Documents

showing the compensation paid to Mr. Allison are irrelevant to the commissions owed and paid to Plaintiff.

39. Each report showing the timely completion of the fabrication and installation of Team HPC orders.

RESPONSE: Objection. Defendants object to this Request as overly broad. Subject to and without waiving any objection, relevant documents showing timely completion of Team HPC orders since January 1, 2009 will be produced.

40. All policies and procedures concerning the functionality of the ERP system.

RESPONSE: Objection. The term "ERP system" is vague and ambiguous, and Defendants are unable to respond. If Defendants can clarify this Request, Defendants are willing to reconsider this request.

41. All correspondence and analysis regarding any claims by Microtech Computers, Inc. that it had proprietary and protectable "scripts" or other items.

RESPONSE: Defendants object to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. Specifically, Defendants object to the request to provide "all correspondence" as overly broad and not reasonably calculated, in that it potentially encompasses any contact between Defendants and Microtech since January 1, 2005, which is far beyond the scope of discovery in this case. Further, this Request neither makes an effort to define what information is being requested nor does it connect in any way to the facts at issue in this case. Defendants do not understand how contact between Microtech and Defendants

17

is relevant to this case. If Plaintiff can identify the nature of the "information and/or access" being requested and describe how that information relates to this case and is discoverable, Defendants are willing to reconsider their objections.

42. All negotiations with Federal Edge regarding the China Lake order.

RESPONSE: Responsive documents will be produced.

43. All communications with Federal Edge since January 1, 2009.

RESPONSE: Objection. Defendants object to this request as overly broad, vague and ambiguous, and not reasonably calculated to lead to discoverable evidence. Subject to and without waiving any objection, responsive documents showing communications with Federal Edge regarding the China Lake order will be produced.

44. All documents showing an intent to stay within the HPC space.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. It is unclear what is meant by "an intent to stay within the HPC space," and the request as written could encompass any document created regarding TeamHPC. To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants are mistaken in their assumption

and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

45.     Each document concerning attempts to sell Team HPC since January 1, 2009, including the identification of meetings with prospective purchasers.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

46.     All email from and/or to Chris Kalis.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. This Request places limits on neither the subjects nor the senders of the email to or from Chris Kalis, who serves as M&A's in-house counsel while maintaining an independent practice. It makes no attempt to connect the request to the facts at issue in this case. Further, Defendants can envision no way in which this Request could be reasonably calculated discover evidence that does not interfere with the attorney-client and attorney work product privileges, not only with respect to Defendants but to other clients of Mr. Kalis. A privilege log in response to this Request would

be incredibly burdensome, given that it would have to cover the entirety of Mr. Kalis' law practice and not all of Mr. Kalis' emails are within Defendants' control.

47.    All email that contain the word "hobby".

RESPONSE: Objection. Defendants object to this Request as vague, ambiguous, overly broad and not reasonably calculated to lead to discoverable evidence. This Request places no limits on time, sender, recipient, or subject matter of the email. This Request makes no attempt to link the information requested to the facts at issue in this case. If there are certain specific emails referencing the word "hobby" that Plaintiff is seeking, Defendants ask Plaintiff to identify those emails. Subject to and without waiving any objection, Defendants will produce Plaintiffs' emails.

48.    All email that contain the word "succession".

RESPONSE: Objection. Defendants object to this Request as vague, ambiguous, overly broad and not reasonably calculated to lead to discoverable evidence. This Request places no limits on time, sender, recipient, or subject matter of the email. This Request makes no attempt to link the information requested to the facts at issue in this case. If there are certain specific emails referencing the word "succession" that Plaintiff is seeking, Defendants ask Plaintiff to identify those emails. Subject to and without waiving any objection, Defendants will produce Plaintiffs' emails.

49.    All email that contain the word "linux".

20

RESPONSE: Objection. Defendants object to this Request as vague, ambiguous, overly broad and not reasonably calculated to lead to discoverable evidence. This Request places no limits on time, sender, recipient, or subject matter of the email. This Request makes no attempt to link the information requested to the facts at issue in this case. If there are certain specific emails referencing the word "linux" that Plaintiff is seeking, Defendants ask Plaintiff to identify those emails. Subject to and without waiving any objection, Defendants will produce Plaintiffs' emails.

50.    All email that contain the words "China Lake".

RESPONSE: Objection. Defendants object to this Request as vague, ambiguous, overly broad and not reasonably calculated to lead to discoverable evidence. This Request places no limits on time, sender, recipient, or subject matter of the email. This Request makes no attempt to link the information requested to the facts at issue in this case. If there are certain specific emails referencing the words "China Lake" that Plaintiff is seeking, Defendants ask Plaintiff to identify those emails. Subject to and without waiving any objection, Defendants will produce Plaintiffs' emails and documents previously identified as responsive to Plaintiffs' requests regarding the China Lake order.

51.    All documents that support M&A's position that Mr. Stouder was terminated for cause.

RESPONSE: Defendants incorporate their Initial Disclosures, which will be supplemented in accordance with Fed. R. Civ. P. 26 and documents produced in response to Plaintiff's requests for production.

52.   All customer complaints concerning TeamHPC or its systems.

RESPONSE:  Objection.  Defendants object to this Request as vague and ambiguous and overly broad.  Subject to and without waiving any objection, Defendants incorporate their Rule 26 disclosures and will produce responsive documents.

53.   Responses to each customer complaint and the responsive measures to each complaint.

RESPONSE:  Objection.  Defendants object to this Request as vague and ambiguous as to the meaning of "responses" and "responsive measures".  Defendants object to this request as not reasonably calculated to lead to discoverable evidence, in that it request all customer complaints and the responsive measures for every division of TeamHPC without limit to time or the nature of the complaint.  Subject to and without waiving any objection, relevant and responsive documents relating to TeamHPC during Plaintiff's employment will be produced.

54.   All profit and loss statements for TeamHPC from 2005-2009.

RESPONSE:  Objection.  Defendants object to this Request as vague and ambiguous, overly broad, especially with respect to the time period requested, and not reasonably calculated to lead to discoverable evidence.  Defendants also object because the request makes no effort to connect in any way to the facts that remain at issue in this case, namely whether or not Plaintiff was terminated with cause.

To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter

of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

Subject to and without waiving any objection, Defendants will produce documents regarding TeamHPC's sales and financial performance in 2009.

55.     All Tax returns for M&A for 2005 – 2009.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, especially with respect to the time period requested, and not reasonably calculated to lead to discoverable evidence.

56.     All ISO documents that detail the problems with delivery of TeamHPC systems from 2005-2009.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, especially with respect to the time period requested, and not reasonably calculated to lead to discoverable evidence.

57.     All written documents that indicate counseling sessions or letters of reprimand for employees of M&A and/or TeamHPC and/or 1099 employees or subcontractors of M&A between 2005 and 2009.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, especially with respect to the time period requested, and not reasonably calculated to lead to discoverable evidence. Subject to and without waiving any objection, Defendants will produce responsive documents related to Plaintiff.

58. All monthly meeting material that indicates the delivery time of all solutions for all divisions of M&A Technology. These documents should include the K-12 division, the OEM division, the HPC division, the gaming division and all third party business of M&A Technology or its subsidiaries.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, especially with respect to the unlimited time period requested, and not reasonably calculated to lead to discoverable evidence. Subject to and without waiving any objection, Defendants will produce responsive documents.

59. Copies of receipts for each SuperComputing (SC) Tradeshow from 2005-current.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, especially with respect to the time period requested, and not reasonably calculated to lead to discoverable evidence. Defendants also object because the request makes no effort to connect in any way to the facts that remain at issue in this case, namely whether or not Plaintiff was terminated with cause.

To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues

already decided by the Court, there appears to be no reason for this Request.  If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

      60.     Copies of reimbursements from Vendors for SC-05 to current date.

RESPONSE:  Objection.  Defendants object to this Request as vague and ambiguous, overly broad, especially with respect to the time period requested, and not reasonably calculated to lead to discoverable evidence.  Defendants also object because the request makes no effort to connect in any way to the facts that remain at issue in this case, namely whether or not Plaintiff was terminated with cause.

To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable.  Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request.  If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

      61.     All calculations and supporting information showing the allocation of overhead and costs to the Team HPC division.

RESPONSE:  Defendants object to this Request as vague and ambiguous, overly broad, especially with respect to the unlimited time period requested, and not reasonably calculated to lead to discoverable evidence.  Subject to and without waiving any objection, Defendants will

produce documents showing the financial performance of Team HPC, information regarding sales of Team HPC from January 1, 2009 to the present, and the gross margin on TeamHPC sales since January 1, 2009.

62.     Documents identifying all products and services provided by M&A.

RESPONSE:  Defendants object to this Request as vague and ambiguous, overly broad, especially with respect to the unlimited time period requested, and not reasonably calculated to lead to discoverable evidence. Defendants also object because the request makes no effort to connect in any way to the facts that remain at issue in this case, namely whether or not Plaintiff was terminated with cause.

To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable.  Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request.  If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

Subject to and without waiving any objection, updated information regarding M&A's current products and services is available to Plaintiff at M&A's website, http://www.macomp.com/.  Defendants will print and produce current copies of the information on the website.

63.     Documents identifying all products and services provided by Team HPC.

RESPONSE: Defendants object to this Request as vague and ambiguous, overly broad, especially with respect to the unlimited time period requested, and not reasonably calculated to lead to discoverable evidence. Defendants also object because the request makes no effort to connect in any way to the facts that remain at issue in this case, namely whether or not Plaintiff was terminated with cause.

To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

Subject to and without waiving any objection, information regarding TeamHPC's current products and services is available to Plaintiff at M&A's website, http://www.macomp.com/hpc.asp, and TeamHPC's website, http://www.teamhpc.com/index.shtml. Defendants will print and produce current copies of the information on the website.

64.     All documents concerning each communication by Plaintiff to customers of M&A other than those who were seeking a purchase from Team HPC.

RESPONSE: Objection. Defendants object to this Request as duplicative, vague, ambiguous, and not reasonably calculated to lead to discoverable evidence. Subject to and without waiving any objection, Defendants will produce emails from Plaintiff.

65.    All assignment of proceeds agreement entered into by M&A since 2005.

RESPONSE:  Objection.  Defendants object to this Request as vague, ambiguous, and not reasonably calculated to lead to discoverable evidence, especially with respect to the time period requested.  Subject to and without waiving any objection, Defendants will produce the purported assignment of proceeds forwarded to M&A regarding the China Lake order.

66.    All communications with prospective purchasers of Team HPC.

RESPONSE:  Objection.  Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence.  To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable.  Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request.  If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

67.    All communications between M&A and Mr. Stouder since June 13, 2009.

RESPONSE:  Responsive documents will be produced.  Defendants refer to their Initial Disclosures, which Defendants will supplement in accordance with Fed. R. Civ. P. 26, as well as documents produced in response to these requests.

68.    Each trade secret you contend Mr. Stouder has had access to.

RESPONSE: Objection. Defendants object to this Request as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. Defendants object to the request for "trade secret" as ambiguous and calling for a legal conclusion. Defendants also object because the request neither makes an effort to define what information is being requested nor does it connect in any way to the facts that remain at issue in this case, namely whether or not Plaintiff was terminated with cause.

To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Request. If Plaintiff can explain how Defendants are mistaken in their assumption and the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

69.    M&A's GSA contract(s).

RESPONSE: Objection. Defendants object to this Request as vague, ambiguous, and not reasonably calculated to lead to discoverable evidence, especially with respect to the unlimited time period requested. Defendants also object because the request neither makes an effort to define what information is being requested nor does it connect in any way to the facts that remain at issue in this case, namely whether or not Plaintiff was terminated with cause.

70.    All communications with Plaxo.

RESPONSE:  Objection.  Defendants object to this Request as vague, ambiguous, and not reasonably calculated to lead to discoverable evidence, especially with respect to the time period requested.  Defendants also object because the request neither makes an effort to define what information is being requested nor does it connect in any way to the facts that remain at issue in this case, namely whether or not Plaintiff was terminated with cause.

**SEYFERTH BLUMENTHAL & HARRIS LLC**

By:/s/ *Andrew W. Funk*
Paul D. Seyferth, KS Bar No. 16837
Andrew W. Funk, KS Bar No. 78181
300 Wyandotte, Suite 430
Kansas City, Missouri  64105
Telephone:      (816) 756-0700
Facsimile:      (816) 756-3700

ATTORNEYS FOR DEFENDANT AND
COUNTERCLAIMANT
M&A TECHNOLOGY, INC.
AND
DEFENDANT MAGDY ELWANY

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2010, I served the original of DEFENDANTS'

RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

via U.S. Mail, postage prepaid, addressed to the following:

STEVENS & BRAND, LLP

Christopher Burger, #16056
Shannon Oury, KS # 19578
900 Massachusetts St., Ste. 500
P.O. Box 189
Lawrence, KS 66044-0189
Phone: (785) 843-0811
Fax: (785) 843-0341

**ATTORNEYS FOR PLAINTIFF**

                                        */s/ Andrew W. Funk*
                                    *Attorney for Defendant and Counterclaimant*
                                    *M&A Technology, Inc.*
                                    *and Defendant Magdy Elwany*