Christopher F. Burger, #16056
Shannon C. Oury - #19578
**STEVENS & BRAND, L.L.P.**
900 Massachusetts St., Ste. 500
P.O. Box 189
Lawrence, KS 66044-0189
(785) 843-0811 – Phone
(785) 843-0341 – Fax
(785) 856-6528 – Direct
Attorneys for Defendant Bret Stouder

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRET STOUDER | ) | |
|         Plaintiff, | ) | |
| vs. | ) | Case No. 09CV4113-JAR |
| | ) | |
| M&A TECHNOLOGY, INC. & | ) | |
| MAGDY ELWANY    Defendants. | ) | |
| | ) | |

### BRET STOUDER'S
### FIRST INTERROGATORIES PROPOUNDED TO DEFENDANTS

COMES NOW Bret Stouder, by and through counsel, Stevens & Brand, L.L.P., and propounds the following interrogatories to Defendants to be answered within thirty days pursuant to the court rules applicable.

### I.
### DEFINITIONS

(A) "Person" or "persons" means any individual, partnership, corporation, company, association, government agency (whether federal, state, local, or any agency of the government of a foreign country), or any other entity.

(B) "Document" is used in its broadest sense and means the original and any non-identical copy, regardless of origin or location. Typical categories of material included within the term "document" are books; pamphlets; periodicals; memoranda (including those from telephone or other oral diaries); minutes; bulletins; circulars; brochures; studies, drawings; prints; flow sheets; graphs; invention disclosures; photographs; photomicrographs; microfilm; medical and hospital records and reports; invoices; tapes; discs; e-mails; electronic data; PDA's; voice


EXHIBIT C

mail; data sheets, or transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, in the possession, custody or control of any party to whom these interrogatories are directed or to which such party has or has had access.

(C)   "Communication," with respect to oral communications, includes, but is not limited to, every discussion, conversation, conference, meeting, interview, telephone call, e-mails; electronic data; PDA's; voice mail or doctor visit, and includes all written communication (and specifically including but not limited to all electronic, magnetic, or other non-tangible form).

(D)   "Identify," "identity," or "identification," when used with reference to a person (as defined in paragraph (A) above), means to state the full name and address and where applicable, the present position and place of employment, if known.

(E)   "Identify," "identity," or "identification," when used with reference to a document, means to state:

1.  the general nature of the document or object, i.e., whether it is a letter, memorandum, report, drawing, chart or tracing, email, pamphlet, and so forth;

2.  the general subject matter of the document or object;

3.  the name and current or last known business address and home address of the original author or draftsperson (and if different, the signer or signers) and of any person who has edited, corrected, revised, or amended or who has entered any initials or comments or notations hereupon;

4.  the date thereof, including the date or dates of any such editing correcting, amending, or revising;

5.  any numerical designation appearing thereon, such as a file reference;

6.  the name of each recipient of a copy of the document or object; and,

7.  the location, and each person having custody or control, of each such document or object.

In lieu of identifying any document, counsel may make such document available for inspection and copying by so stating in the answers to these interrogatories.

(F)   "Identify," "identity," and "identification," when used in reference to a communication (as defined in paragraph (C) above), means to state, with respect to each communication, the nature of the communication (telephone call, letter and so forth); the date of the communication; the persons who were present during or who participated in the communication; with, to, or from whom the communication was; and the substance of the statements made by each person involved in such communication.

## II.
## INSTRUCTIONS

(A)   All information is to be divulged which is in the possession or control of any party to whom these interrogatories are directed or which can be ascertained upon reasonable investigation of areas within such party's control. The knowledge of any such party's attorney is deemed to be such party's knowledge so that, apart from privileged matters, if any such attorney has knowledge of the information sought to be elicited herein, said knowledge must be incorporated into these answers, even if such information is unknown to such party individually.

(B)   Where an interrogatory calls for an answer in more than one part, the parts should be separated so that the answers are clearly understandable.

(C)   No interrogatory should be construed by reference to any other interrogatory if the result is a limitation of the scope of the answer to any interrogatory.

(D)   "And" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the interrogatory all responses which might otherwise be construed to be outside its scope.

(E)   If an objection is made to any interrogatory, in whole or in part, or if information responsive to any interrogatory is withheld, on the ground of privilege or otherwise, set forth fully each objection, describe generally the information which is withheld, and set forth the facts upon which each such objection is based.

(F)   These interrogatories shall be deemed continuing in order to require supplemental answers if further information is obtained between the time of answering these interrogatories and the time of trial.

## III.
## INTERROGATORIES

1.   Please state the name, address, and telephone number of each person you plan to call as a witness at the trial of this case. In this response, please state the following:

   a)   The subject matter of which the witness is expected to testify; and

   b)   The substance of the facts and opinions to which the witness is expected to testify.

   ANSWER:

2. Please state the name, address, and telephone number of each person you plan to call as an expert witness at the trial of this case. In this response, please state the following:

a) The subject matter of which the witness is expected to testify; and

b) The substance of the facts and opinions to which the witness is expected to testify.

ANSWER:

3. Please identify each and every reason for Mr. Stouder's termination. For each reason, please identify the date such a reason was first asserted, all facts related to the reason, all persons with knowledge of the facts related to the reason, and the knowledge they possess.

ANSWER:

4. Please identify the commissions that you owe but have not paid to Mr. Stouder and every reason the amounts have not been paid.

ANSWER:

4

5. Please identify each sale made by each salesman of TeamHPC since January 1, 2009. For each, please identify the commission due the salesman and the date it was paid to him/her.

ANSWER:

6. Please itemize all damages you seek in this case.

ANSWER:

7. Please identify all information and/or access provided to Microtech Computers Inc and its representatives since January 1, 2009.

ANSWER:

8. Identify each M&A customer or client outside of the HPC market that Mr. Stouder had any contact with during his employment, and identify the products or services each customer purchased from M&A.

ANSWER:

9. Identify by date, participant and subject matter, every communication between M&A and Wyle Laboratories regarding the China Lake order.

ANSWER:

10. Identify by date, participant and subject matter, every communication between M&A and Federal Edge regarding the China Lake order.

ANSWER:

11. Identify by date, participant and subject matter, every communication between M&A and the customer on the China Lake order.

ANSWER:

12. Please identify all litigation in which any Defendant was a party in the past three years, and identify the Court and the case number.

ANSWER:

13. Identify each owner of M&A Technology Inc.

ANSWER:

14. Who will own M&A in the event of Mr. Madgy Elwany's death, disability, retirement or withdrawal from M&A?

ANSWER:

15. Do you have any document retention policies with respect to records, documents and files that are created in the ordinary course of business? If so, would you please describe the policy in detail, and would you please indicate whether or not it was applied to all of the documents related to this litigation. If not, please describe in detail those items related to this litigation that were not treated according to the policy, and please explain the reason for the exception or exceptions.

ANSWER:

16. If you deny any request for admission, state the reason and factual basis for each such denial.

ANSWER:

Respectfully submitted,

**STEVENS & BRAND, L.L.P.**
900 Massachusetts St., Ste. 500
P. O. Box 189
Lawrence, KS  66044-0189
(785) 843-0811 – Phone
(785) 843-0341 - Fax
*Attorneys for Defendant Bret Stouder*

By_____
Christopher F. Burger, #16056

## VERIFICATION

STATE OF _____        )
                              ) ss:
COUNTY OF _____        )

      M&A Technologies Inc., by and through _____, its _____, of lawful age, being first duly sworn upon oath, states that he/she has read the answers to the above and foregoing interrogatories, knows the contents thereof, and that the statements and averments contained therein are true and correct.

**M&A Technologies, Inc.**

By: _____
Its:

Subscribed and sworn to before me this _____ day of _____, 2010.

_____
Notary Public

My Appointment Expires:_____

## VERIFICATION

STATE OF                )
                              ) ss:
COUNTY OF           )

       Madgy Elwany, of lawful age, being first duly sworn, upon oath, states that he has read the answers made to the foregoing interrogatories, knows the contents thereof, and knows that all the statements made therein are true.

                                                     _____
                                                     Magdy Elwany

       Subscribed and sworn to before me this _____ day of _____, 2010.

                                                     _____
                                                    Notary Public

My Appointment Expires:

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of June, 2010, I mailed a true copy of the foregoing Bret Stouder's First Interrogatories Propounded to Defendants to attorney for Defendants by placing said copies in the U. S. Mail, postage prepaid, at Lawrence, Kansas, addressed to:

Paul Seyferth
Andy Funk
SEYFERTH, BLUMENTHAL & HARRIS, LLC
300 Wyandotte Street, Suite 430
Kansas City, MO  64105

_____
Christopher F. Burger