IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRET STOUDER | ) |
| Plaintiff, | ) |
| v. | ) Case No. <u>09-CV-4113-JAR-KGS</u> |
| M & A TECHNOLOGY, INC. | ) |
| & | ) |
| MAGDY ELWANY | ) |
| Defendants. | ) |

### **DEFENDANTS' RESPONSES TO BRET STOUDER'S FIRST INTERROGATORIES**

COME NOW Defendants M&A Technology, Inc. and Magdy Elwany, by and through their undersigned counsel of record, and hereby respond to Bret Stouder's First Interrogatories Propounded to Defendants as follows:

### **GENERAL OBJECTIONS**

1.  Defendants generally object to these Interrogatories to the extent they are inconsistent with or attempt to impose any obligations on Defendants beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this Court, or to the extent they seek to permit Plaintiff to engage in discovery beyond that allowed by the Federal Rules of Civil Procedure or the Local Rules of this Court. Defendants object to these Interrogatories to the extent they call for information protected by the attorney-client privilege, the work product doctrine, or any other applicable legal privilege or doctrine.



2.  Defendants object to any instructions or definitions to the extent they provide instructions or commands in excess of Defendants' obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court or state legal conclusions.

3.  By answering these Interrogatories, Defendants reserve and do not waive any of their General Objections, and Defendants reserve and do not waive any objection they may have to further discovery or admissibility in evidence of any of the information provided.

4.  Defendants' investigation and discovery are continuing in this case. Accordingly, Defendants reserve the right to supplement their responses to these Interrogatories as may be appropriate, permitted, or required by the Federal Rules of Civil Procedure.

5.  All responses below incorporate, without further reference, these General Objections.

## INTERROGATORIES

1.  Please state the name, address, and telephone number of each person you plan to call as a witness at the trial of this case. In this response, please state the following:

    a)  The subject matter of which the witness is expected to testify; and

    b)  The substance of the facts and opinions to which the witness is expected to testify.

**RESPONSE:** Defendants object to Plaintiff's request to provide "the substance of the facts and opinions to which the witness is expected to testify" as vague and ambiguous, and in many cases requiring Defendants to speculate regarding the knowledge and opinions of others. Subject to and without waiving any objection, in answering this Interrogatory Defendants refer Plaintiff to their Rule 26 Initial Disclosures, which identify the names, addresses, and telephone numbers of potential witnesses and the subjects of their expected testimony. Those Initial

Disclosures and Defendants' answer to this Interrogatory will be timely supplemented as required by the Rules.

2. Please state the name, address, and telephone number of each person you plan to call as an expert witness at the trial of this case. In this response, please state the following:

  a) The subject matter of which the witness is expected to testify; and

  b) The substance of the facts and opinions to which the witness is expected to testify.

**RESPONSE:** No expert witnesses have been identified, however, Defendants will disclose experts as required by the Scheduling Order in this case.

3. Please identify each and every reason for Mr. Stouder's termination. For each reason, please identify the date such a reason was first asserted, all facts related to the reason, all persons with knowledge of the facts related to the reason, and the knowledge they possess.

**RESPONSE:** Defendants object to Interrogatory No. 3 because it is overly broad, and not reasonably calculated to lead to discoverable evidence in its requests for "each and every reason" and "all facts related to the reason." Defendants also object to Interrogatory No. 3 because it is a contention interrogatory served early in discovery. "[C]ontention interrogatories are overly broad and unduly burdensome on their face when they seek 'all facts' supporting a claim or a defense." *Ice Corp. v. Hamilton Sundstrand Inc.*, 2007 WL 1297120 at *15 (D. Kan.). The Advisory Notes accompanying Rule 33(c) of the Federal Rules of Civil Procedure recognize that contention interrogatories are often "best resolved after much or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (found in subdivision (b) of advisory committee note to 1970 amendment). Federal courts have concluded that contention interrogatories are more

3

appropriate at the end of the discovery period. *See McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (denying motion to compel responses to interrogatories because substantial discovery remained to be completed); *Nestle Food Corp. v. Aetna Casualty and Surety Co.*, 135 F.R.D. 101 (D.N.J. 1990) (contention interrogatories are more appropriate after a substantial amount of discovery has been conducted).

Subject to and without waiving these objections, Defendants state that Plaintiff was terminated for cause as that term is defined in Plaintiff's Employment Agreement with M&A Technology, specifically at Paragraphs 7(b), 7(c), 7(d), 7(e), and 12(a). Plaintiff was terminated for acts of business misconduct, acts of dishonesty in connection with his employment, for activities and conduct disruptive to the operations of M&A, failing to comply with the policies and procedures of M&A, and for violating the confidentiality and non-competition provisions of the Agreement.

One example is Plaintiff's producing and distributing women's thong underwear with the name "Atipa" written on them at a technology trade conference in Tampa, Florida. This was the basis of a lawsuit against Plaintiff and M&A, which cost M&A substantial amounts of time and money defending Plaintiff's actions, to which Plaintiff has admitted under oath.

Another example is Plaintiff's abusive and disrespectful behavior to employees and officers of M&A, specifically Magdy Elwany, Donna Shepard, Pat Shepard, and Tom Garrett. Pursuant to Fed. R. Civ. P. 33(d), Defendants will produce copies of emails and letters to and from Plaintiff from which details regarding this response can be obtained.

Plaintiff routinely missed his sales projections and goals for TeamHPC. Pursuant to Fed. R. Civ. P. 33(d), Defendants will produce business records from which details regarding this response can be obtained.

Plaintiff was routinely the cause of delays in manufacturing and shipping orders to customers, which disrupted M&A's business. Plaintiff would often make configuration errors in bids to customers that were accepted and presented to M&A for manufacturing. These mistakes required M&A to have TeamHPC issue change orders to correct the mistakes, which delayed the manufacturing process. Plaintiff's mistakes in his bids often forced M&A to order replacement parts, which was expensive for M&A and delayed production and shipment of customer orders. Pursuant to Fed. R. Civ. P. 33(d), Defendants will produce copies of emails regarding change orders and documents showing the lack of on-time delivery of TeamHPC orders from which details regarding this response can be obtained.

With respect to the China Lake order, Plaintiff disrupted M&A's process for accepting, processing and converting orders. Plaintiff provided partial answers to direct questions regarding the China Lake order, causing concerns among M&A's management regarding the order and further disrupting M&A's business. Conversations in person and over the phone between Plaintiff and M&A management, including Elwany, regarding the China Lake order, became heated and disrespectful.

Plaintiff's violations of the noncompetition and confidentiality restrictive covenants in his Agreement have been well-documented and litigated in this case, and form the basis for the injunction barring Plaintiff from competing against M&A or contacting former customers of M&A. One example of Plaintiff's violations of his restrictive covenants during his employment was Plaintiff in early June 2009 contacting Steve Spring at Aspen Systems, a competitor of M&A's in the HPC business, and informing Spring that M&A was not going to manufacture the China Lake order from Federal Edge. Despite still being employed by M&A when he contacted Spring about the order, Stouder requested and was paid $59,000 because of his relationship with

Federal Edge and to help ensure that Aspen Systems received the China Lake order. Defendants have produced the affidavit of Steve Spring, containing details regarding Stouder's contacts with Aspen Systems regarding the China Lake order.

4. Please identify the commissions that you owe but have not paid to Mr. Stouder and every reason the amounts have not been paid.

RESPONSE: Objection. Defendants object to the implied and unsupported legal conclusion that commissions owed to Plaintiff have not been paid. Pursuant to Fed. R. Civ. P. 33(d), Defendants have and will continue to produce business records regarding sales and commissions paid to Plaintiff.

5. Please identify each sale made by each salesman of TeamHPC since January 1, 2009. For each, please identify the commission due the salesman and the date it was paid to him/her.

RESPONSE: Objection. Defendants object to this Interrogatory as overbroad and not reasonably calculated to lead to discoverable evidence. Specifically, information regarding commissions due other salespeople of TeamHPC is not relevant to this lawsuit. Pursuant to paragraph 10 of Plaintiff's Employment Agreement, Plaintiff was not paid based on the commissions owed to other salespersons, but based on the gross profit margins from the sales made by TeamHPC salespersons "who report to [Plaintiff] and are approved by the Corporation." Subject to and without waiving any objection, pursuant to Fed. R. Civ. P. 33(d), Defendants have and will continue to produce business records regarding sales by TeamHPC and commissions paid to Plaintiff.

6. Please itemize all damages you seek in this case.

RESPONSE: Defendants object to the term "itemize" as vague and ambiguous. Subject to and without waiving any objection, Defendants state that their Initial Disclosures made pursuant to Fed. R. Civ. P. 26 contain the relevant information regarding damages, and those disclosures will be supplemented according to the rules.

7. Please identify all information and/or access provided to Microtech Computers Inc and its representatives since January 1, 2009.

RESPONSE: Defendants object to this Interrogatory as vague, ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. Specifically, Defendants object to the request to provide "all information and/or access" as overly broad and not reasonably calculated, in that it potentially encompasses any contact between Defendants and Microtech since January 1, 2009, which is far beyond the scope of discovery in this case. Defendants object to "information and/or access provided to Microtech Computers Inc." as vague and ambiguous, in that the interrogatory neither makes an effort to define what information is being requested nor does it connect in any way to the facts at issue in this case. Defendants can understand how the information requested would be relevant to the currently-pending litigation between Plaintiff and Microtech, but cannot understand how contact between Microtech and Defendants is relevant to this case.

8. Identify each M&A customer or client outside of the HPC market that Mr. Stouder had any contact with during his employment, and identify the products or services each customer purchased from M&A.

RESPONSE: Objection. Defendants object to this Interrogatory as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. Specifically, Defendants object to the request for "any contact" as overly broad. Defendants also object because the interrogatory neither makes an effort to define what information is being requested nor does it connect in any way to the facts that remain at issue in this case, namely whether or not Plaintiff was terminated with cause.

To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Interrogatory. If Plaintiff can explain how the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants will reconsider their objections.

9. Identify by date, participant and subject matter, every communication between M&A and Wyle Laboratories regarding the China Lake order.

RESPONSE: Objection. Defendants object to this Interrogatory as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. Specifically, Defendants object to the request for "every communication" as overly broad. Defendants also object because the interrogatory neither makes an effort to define what

information is being requested nor does it connect in any way to the facts that remain at issue in this case, namely whether or not Plaintiff was terminated with cause.

To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Interrogatory. If Plaintiff can explain how the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants will reconsider their objections.

Subject to and without waiving any objection, Defendants state that in addition to Plaintiff, Magdy Elwany, Val Overby, Tom Garrett and Donna Shepard communicated with Wyle Laboratories and/or Federal Edge regarding the China Lake Order. Contact with Wyle began on or about November 2008 and continued until the order was cancelled by Federal Edge in June 2009. In May 2009, Donna Shepard contacted Rebecca Snyder at Wyle Laboratories to request a copy of the order and was informed a copy could not be provided because M&A's name did not appear on the order. There were multiple communications involving Magdy Elwany with Federal Edge regarding an assignment of proceeds between Federal Edge and M&A. In addition, Defendants state that pursuant to Fed. R. Civ. P. 33(d), Defendants have and will continue to produce documents from which the answer to this interrogatory may be derived.

10. Identify by date, participant and subject matter, every communication between M&A and Federal Edge regarding the China Lake order.

RESPONSE: Objection. Defendants object to this Interrogatory as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence.

Specifically, Defendants object to the request for "every communication" as overly broad. Defendants also object because the interrogatory neither makes an effort to define what information is being requested nor does it connect in any way to the facts that remain at issue in this case, namely whether or not Plaintiff was terminated with cause.

To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Interrogatory. If Plaintiff can explain how the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants will reconsider their objections.

Subject to and without waiving any objection, Defendants state that in addition to Plaintiff, Magdy Elwany, Val Overby, Tom Garrett and Donna Shepard communicated with Wyle Laboratories and/or Federal Edge regarding the China Lake Order. Contact with Wyle began on or about November 2008 and continued until the order was cancelled in June 2009. In May 2009, Donna Shepard contacted Rebecca Snyder at Wyle Laboratories to request a copy of the order and was informed a copy could not be provided because M&A's name did not appear on the order. There were multiple communications involving Magdy Elwany with Federal Edge regarding an assignment of proceeds between Federal Edge and M&A. In addition, Defendants state that pursuant to Fed. R. Civ. P. 33(d), Defendants have and will continue to produce documents from which the answer to this interrogatory may be derived.

11.     Identify by date, participant and subject matter, every communication between M&A and the customer on the China Lake order.

RESPONSE: Objection. Defendants object to this Interrogatory as vague and ambiguous, overly broad, and not reasonably calculated to lead to discoverable evidence. Specifically, Defendants object to the request for "every communication" as overly broad. Defendants also object because the interrogatory neither makes an effort to define what information is being requested nor does it connect in any way to the facts that remain at issue in this case, namely whether or not Plaintiff was terminated with cause.

To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable. Beyond its potential relevance to the issues already decided by the Court, there appears to be no reason for this Interrogatory. If Plaintiff can explain how the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants will reconsider their objections.

Subject to and without waiving any objection, Defendants state that in addition to Plaintiff, Magdy Elwany, and Donna Shepard communicated with Wyle Laboratories and/or Federal Edge regarding the China Lake Order. Contact with Wyle began on or about November 2008 and continued until the order was cancelled by Federal Edge in June 2009. In May 2009, Donna Shepard contacted Rebecca Snyder at Wyle Laboratories to request a copy of the order and was informed a copy could not be provided because M&A's name did not appear on the order. There were multiple communications involving Magdy Elwany with Federal Edge regarding an assignment of proceeds between Federal Edge and M&A. In addition, Defendants state that pursuant to Fed. R. Civ. P. 33(d), Defendants have and will continue to produce documents from which the answer to this interrogatory may be derived.

12. Please identify all litigation in which any Defendant was a party in the past three years, and identify the Court and the case number.

RESPONSE: Objection. Defendants object to this Interrogatory as overly broad, not reasonably calculated to lead to discoverable evidence, and not connected with the facts at issue in this case, in that it requests all litigation of any type in any jurisdiction in which Defendants were either plaintiffs or defendants. Subject to and without waiving any objection, Defendants answer that in the last three years, Defendants have been involved in one lawsuit involving issues similar to the present case, styled *M&A Technology, Inc. v. Christopher Bortner & Envive, Inc.*, Cause No. 07-08321 in the 192nd Judicial District in Dallas County, Texas.

13. Identify each owner of M&A Technology Inc.

RESPONSE: M&A Technology, Inc. is owned by Magdy Elwany.

14. Who will own M&A in the event of Mr. Madgy (sic) Elwany's death, disability, retirement or withdrawal from M&A?

RESPONSE: Objection. Defendants object to this Interrogatory as vague and ambiguous and not reasonably calculated to lead to discoverable evidence. Defendants also object because the Interrogatory does not connect in any way to the facts that remain at issue in this case, namely whether or not Plaintiff was terminated with cause.

To the extent that the information requested pertains to the enforceability of the restrictive covenants in Plaintiff's Employment Agreement, the Court has determined as a matter of law that the restrictive covenants are enforceable, and that any of Defendants' alleged "defaults" are irrelevant to the enforceability of the restrictive covenants. Beyond its potential

relevance to the issues already decided by the Court, there appears to be no reason for this Interrogatory. If Plaintiff can explain how the information relates to Plaintiff's termination pursuant to paragraph 7 of his Agreement, Defendants are willing to reconsider their objections.

15. Do you have any document retention policies with respect to records, documents and files that are created in the ordinary course of business? If so, would you please describe the policy in detail, and would you please indicate whether or not it was applied to all of the documents related to this litigation. If not, please describe in detail those items related to this litigation that were not treated according to the policy, and please explain the reason for the exception or exceptions.

RESPONSE: Objection. This Interrogatory is overly broad and not reasonably calculated to lead to discoverable evidence. There has been no identification of any documents which have not been retained by Defendants. Subject to and without waiving any objection, Defendants do not actively destroy documents, have different retention policies, practices and procedures for different documents, and have retained and produced documents relevant to this case.

16. If you deny any request for admission, state the reason and factual basis for each such denial.

RESPONSE: To the best of Defendants' knowledge, no requests for admission have been served. If and when requests for admission are served, Defendants will respond in accordance with the Federal Rules of Civil Procedure and the local rules of this Court.

**SEYFERTH BLUMENTHAL & HARRIS LLC**

By:/s/ *Andrew W. Funk*
Paul D. Seyferth, KS Bar No. 16837
Andrew W. Funk, KS Bar No. 78181
300 Wyandotte, Suite 430
Kansas City, Missouri  64105
Telephone:     (816) 756-0700
Facsimile:       (816) 756-3700

ATTORNEYS FOR DEFENDANT AND
COUNTERCLAIMANT
M&A TECHNOLOGY, INC.
AND
DEFENDANT MAGDY ELWANY

## VERIFICATION

STATE OF _Texas_ )
) ss:
COUNTY OF _Dallas_ )

M&A Technology, Inc., by and through _Donna Shepard_, its _V.P._, of lawful age, being first duly sworn upon oath, states that he/she has read the answers to the above and foregoing interrogatories, knows the contents thereof, and that the statements and averments contained therein are true and correct.

M&A Technology, Inc.

By: _[signature]_
Its: _Senior Vice President_

Subscribed and sworn to before me this _21_ day of _July_, 2010

VIRGINIA MAUDE LAMAR
Notary Public, State of Texas
My Commission Expires
February 04, 2014

_Virginia Maude LaMar_
Notary Public

My Commission Expires: _2/4/2014_

## VERIFICATION

STATE OF _Texas_ )
) ss:
COUNTY OF _Dallas_ )

Magdy Elwany, of lawful age, being first duly sworn upon oath, states that he has read the answers to the above and foregoing interrogatories, knows the contents thereof, and knows the statements made therein are true.

_____
Magdy Elwany

Subscribed and sworn to before me this _21st_ day of _July_, 2010

**VIRGINIA MAUDE LAMAR**
Notary Public, State of Texas
My Commission Expires
February 04, 2014

_____
Notary Public

My Commission Expires: _2/4/2014_

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2010, I served the original of DEFENDANTS' RESPONSES TO BRET STOUDER'S FIRST INTERROGATORIES via U.S. Mail, postage prepaid, addressed to the following:

STEVENS & BRAND, LLP

Christopher Burger, #16056
Shannon Oury, KS # 19578
900 Massachusetts St., Ste. 500
P.O. Box 189
Lawrence, KS 66044-0189
Phone: (785) 843-0811
Fax: (785) 843-0341

**ATTORNEYS FOR PLAINTIFF**

/s/ *Andrew W. Funk*
*Attorney for Defendant and Counterclaimant*
*M&A Technology, Inc.*
*and Defendant Magdy Elwany*

17