# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BRET STOUDER,                          )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )              Case No. 09-4113-JAR
                                       )
M&A TECHNOLOGY, INC., *et al.*,        )
                                       )
                    Defendants.        )

## MEMORANDUM AND ORDER

This matter comes before the court upon plaintiff's Renewed Motion to Compel Discovery (ECF No. 112).[1]  Plaintiff seeks to compel responses to interrogatories and requests for the production of documents.  Defendants oppose the motion.  For the reasons explained below, the motion is granted in part and denied in part.

## I.      Procedural Conference Requirement

The Federal Rules of Civil Procedure and this district's local rules require a moving party to confer with opposing counsel about the discovery dispute before filing a motion to compel. Fed. R. Civ. P. 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This district's local rules expand on the movant's duty to confer, stating that a  " 'reasonable effort' to confer means more than mailing or faxing a letter to the opposing party."[2]  It requires the parties in good faith

---

[1] To conform with the most recent edition of *The Bluebook: A Uniform System of Citation*, the undersigned now designates all docket entries as "ECF No."

[2] D. Kan. Rule 37.2

to "converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[3] The local rule also requires the movant to "describe with particularity the steps taken by all attorneys to resolve the issues in dispute"[4] so that the court can evaluate whether the movant made a reasonable effort to confer. When determining whether the moving party has satisfied the duty to confer, the court looks beyond the sheer quantity of contacts.[5] It examines their quality as well:[6]

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery. The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[7]

The undersigned previously denied an identical motion to compel without prejudice for failure to confer. Among other things, the court noted defendants contended they fully responded to a number of discovery requests. The court believed, and still believes, issues like these are capable of resolution without judicial involvement. Plaintiff's counsel and defense counsel apparently engaged in an additional phone call about the discovery requests at

---

[3] *Id.*

[4] *Id.*

[5] *P.S. v. The Farm, Inc.*, No. 07-2210-JWL-DJW, 2008 WL 3884312, at *2 (D. Kan. Aug. 19, 2008).

[6] *Id.*

[7] *Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

issue, and plaintiff has submitted a more detailed description of the attempts to confer about the discovery disputes at issue. Nevertheless, plaintiff filed the exact same motion to compel that he originally filed, rife with the same problems previously identified by the court.[8] Defendants *still* contend they have fully responded to a large number of the discovery requests at issue. The instant motion fails to specifically address the production defendants contended they made, a position known to plaintiff before filing this motion because defendants asserted this argument in response to plaintiff's first motion to compel. Based on the state of the instant motion, the court finds plaintiff has again failed to meaningfully confer with defendants. As such, the undersigned could again deny this motion without prejudice. However, the court, in its discretion, will consider the merits of the motion. The court turns to the merits of plaintiff's motion after a brief discussion of the factual and procedural background pertinent to this discovery dispute.

## II.     Relevant Background[9]

Plaintiff Bret Stouder brings this action against his former employer, M&A Technology, Inc., and against the president and chief executive officer of M&A, Magdy Elwany. Plaintiff was formerly employed by M&A as a Vice President/General Manager of an Open Source and High Performance Computing Division known as TeamHPC, which is a subsidiary of M&A. His responsibilities were to oversee and direct the high performance computing staff, and his primary focus was sales. M&A terminated plaintiff's employment in the summer of 2009.

---

[8] Plaintiff also attached his previous reply brief to the motion to compel. The court will not consider this brief in reaching its decision. Defendants have filed a response brief to the current motion, and plaintiff has filed a reply brief to their response brief. Accordingly, the previously filed reply brief is not properly before the court.

[9] For a more detailed history of this case, see U.S. District Judge Julie A. Robinson's Memorandum and Order granting defendants' motion for partial summary judgment and entering a preliminary injunction. *Stouder v. M&A Technology, Inc., et al.*, 09-4113-JAR-KGS, 2010 WL 2044666 (D. Kan. May 24, 2010).

Plaintiff's complaint asserted a breach of contract claim and wage payment claims under the Fair Labor Standards Act (FLSA) and the Kansas Wage Payment Act. The FLSA claim no longer remains in the case.[10] Defendant M&A asserted counterclaims for breach of contract, breach of the duty of loyalty, tortious interference with business expectancies and/or contractual relationships, and for declaratory judgment. Defendants allege plaintiff's employment was terminated for violating the terms of his employment agreement. Among other things, defendants allege plaintiff's actions at a trade conference resulted in a lawsuit against plaintiff and M&A. Defendants also contend plaintiff mismanaged the "China Lake Project" and contend plaintiff diverted business on the project to a competitor.

Before either defendant filed an answer, plaintiff moved for partial summary judgment regarding the enforceability of the noncompete and nondisclosure provisions in the employment agreement. Defendants filed a cross-motion for partial summary judgment on the same issues and also sought a preliminary injunction. U.S. District Judge Julie A. Robinson found the restrictive covenants in the employment agreement were enforceable. As such, she granted defendants' motion for a preliminary injunction, enjoining plaintiff from violating the restrictive covenants. She subsequently granted defendants' motion for a permanent injunction.

## III.    Discussion

Fed. R. Civ. P. 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." When a party fails to make disclosure or discovery, the opposing party may file a motion to compel. When a party files a

---

[10] *See* Memorandum and Order at 2, ECF No. 60 (explaining that the court had found plaintiff's FLSA claim deficient and granted leave for plaintiff to amend his complaint but that plaintiff failed to amend, and therefore the FLSA claim did not remain in the case).

motion to compel and asks the court to overrule certain objections, the objecting party must specifically show in its response to the motion how each discovery request is objectionable.[11] Objections initially raised but not supported in response to the motion to compel are deemed abandoned.[12] However, if the discovery requests appear facially objectionable in that they are overbroad or seek information that does not appear relevant, the burden is on the movant to demonstrate how the requests are not objectionable.[13]

In this case, a large number of plaintiff's discovery requests are either facially objectionable or moot in that it appears defendants have fully responded to the discovery requests. In other instances, it seems defendants have no objection to the discovery requests and have produced some responsive documents, but it is unclear whether defendants possess additional responsive documents not produced. Finally, for a small category of discovery requests, the court finds defendants' objections should be overruled. The court now turns to the individual discovery requests at issue, first addressing the requests for production of documents and then addressing the interrogatories.

## A.     Requests for Production

### 1.     Plaintiff's First Requests for Production

#### a.     Request No. 1

In this request, plaintiff seeks production of defendants' anticipated exhibits. Defendants

---

[11] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[12] *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 380 n.15 (D. Kan. 2005) (citing *Sonnino*, 220 F.R.D. at 670); *Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

[13] *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 663 (D. Kan. 2003) (citing *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)).

do not raise any explicit objection in their response brief.  Rather, they explain they have already provided documents identified in their initial disclosures, which they will continue to supplement.  They further state they will provide their trial exhibit list at the appropriate time.  To the extent defendants are in possession of responsive documents they have not yet produced, they shall make a supplemental production.  Because they have not supported their objections in response to the motion to compel, they are overruled.

### b.    Request No. 3

Request No. 3 seeks, "Copies of every statement received from any individual relevant to any matter in this case."[14]  Defendants state they have already provided what they consider to be copies of the relevant statements in this case.  Plaintiff argues defendants have only produced sworn statements and that plaintiff is entitled to *all* statements in defendants' possession.  This is not the case, as plaintiff did not request *all* statements in defendants' possession.  Plaintiff's counsel drafted a discovery request that expressly leaves it to opposing counsel to assess relevance.  It comes as no surprise that plaintiff now disagrees as to whether defendants have other documents that may be "relevant to any matter in the case."  Nevertheless, this is not an issue for the court.  Defendants have complied with the plain language of the request.  The court will not compel parties to produce more than what they were required to produce in the first instance.  Moreover, this request is facially overbroad, and plaintiff has not established how this request is not objectionable.  For these reasons, the motion to compel is denied as to this request.

---

[14] Pl.'s First Requests for Production of Documents to Defendants Ex. A, at 1, ECF No. 91-1.  Plaintiff has filed his memorandum in support of the motion to compel and copies of the discovery responses he seeks to compel as a single ninety-one page document.  For the sake of clarity, the court cites to the discovery requests attached to the previously filed motion to compel, which plaintiff filed as separate documents and which are the same discovery requests at issue in the instant motion.

### c.       Request No. 5

This request seeks, "All documents concerning litigation in which any Defendant[] was a party."[15]  Defendants have objected to this request on the grounds that it is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence.  The court sustains defendants' overbreadth objection because the request fails to describe with reasonable particularity the documents sought.

The request contains an omnibus phrase that does not modify a sufficiently specific category of documents.  A request for production is overbroad when it contains terms that "make arduous the task of deciding which of numerous documents may conceivably fall within its scope."[16]  Discovery requests seeking documents "'pertaining to' or 'concerning' a broad range of items requires the respondent either to guess or move through mental gymnastics . . . to determine which of the many pieces of paper conceivably contain some detail, either obvious or hidden, within the scope of the request."[17]  However, document requests are not facially objectionable when the omnibus phrase "modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents[.]"[18]

Here, the words, "concerning litigation," provide defendants with no information about the types of documents plaintiff seeks.  The request could encompass anything from public filings in other cases, to discovery documents in those cases, billing information from counsel, or

---

[15] *Id.* at 1.

[16] *In re Urethane Antitrust Litig.*, 261 F.R.D. 570, 576 (D. Kan. 2009) (quoting *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 658 (D. Kan. 2006)).

[17] *Id.* (quoting *Johnson*, 238 F.R.D. at 658).

[18] *Id.* (quoting *Johnson*, 238 F.R.D. at 658).

even correspondence that merely references prior litigation. Furthermore, the request contains no temporal scope, making it facially objectionable.[19] Although this request is facially overbroad, "the responding party still has a duty to respond *to the extent the request is not objectionable*."[20] Defendants have admitted a portion of this requests is reasonably answerable. They have offered to produce documents relating to similar litigation involving defendants and litigation involving plaintiff. If defendants have not already not already supplied plaintiff with these documents, they shall make a supplemental production. The motion to compel is otherwise denied as to this request.

### d. Request No. 6

This request seeks, "All email and other documents relevant to issues in this case, including but not limited to the termination fo Mr. Stouder; the entry and fulfillment of the China Lake order; Florida litigation Case No. 07-CA-003230 involving Mr. Stouder; notice of your right to cure perceived faults in Mr. Stouder's employment agreement; Supercomputing 09; commission paid or owed to Mr. Stouder; commissions paid or owed to other salesmen of TeamHPC; and other matters relevant to this litigation."[21]

Defendants assert overbreadth and relevance objections, which are sustained in part and overruled in part. It appears defendants take issue with the request for "all documents relevant to issues in this case," which the court agrees is facially overly broad. Again, the request contains an omnibus phrase that modifies an incredibly large category of documents: those relevant to this

---

[19] *See Hammond v. Lowe's Home Ctrs.*, 216 F.R.D. 666, 675 (D. Kan. 2003) (finding an interrogatory with no temporal scope facially overbroad).

[20] *Aikens v. Deluxe Fin. Svs., Inc.*, 217 F.R.D. 533, 539 (D. Kan. 2003) (emphasis in original).

[21] Pl.'s First Requests for Production of Documents to Defendants Ex. A, at 1-2, ECF No. 91-1

litigation. It also requires opposing counsel to judge relevance. For these reasons, the court sustains defendants' relevance objection on this point.

Neither party informs the court how the specific categories of documents mentioned in this request pertain to this litigation. From the pleadings and briefing on the motion to compel, the court finds the majority of these categories appear facially relevant to this litigation except for information pertaining to Supercomputing 09, which is the subject of another discovery request discussed in more detail later. If defendants have not produced responsive documents concerning the specific categories mentioned, with the exception of Supercomputing 09, they shall supplement their response to this request.

### e. Request Nos. 7 and 8

The motion to compel appears to be moot as to these requests. Defendants state they have responded to these requests and will seasonably supplement their responses. To the extent defendants have not made a full production, they shall supplement their responses to these requests.

### f. Request Nos. 10, 11, 12, and 13

These requests pertain to sales generated by TeamHPC. Request Nos. 10 and 11 seek, "All documents evidencing sales made by TeamHPC from January 1, 2008 through the current date" and, "The gross margin on each sale made by TeamHPC from January 1, 2008 though the current date."[22] Request Nos. 12 and 13 seek, "The identification of each salesperson for TeamHPC who made a sale since January 1, 2008," and "The commission paid to each sales person in the TeamHPC division who reported to Stouder and [was] approved by the corporation

---

[22] *Id.* at 2.

for sales from January 1, 2008, to the current date."[23]  Defendants have lodged relevance and overbreadth objections.  Their relevance objection is sustained in part and overruled in part. Defendants' overbreadth objection is overruled because they have failed to support this objection in their response brief.

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivilged matter that is relevant to any party's claim or defense . . . ."  Relevant information need not be admissible at trial so long as it is reasonably calculated to lead to the discovery of admissible evidence.[24]  The court broadly construes relevance at the discovery stage of litigation, and "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[25]  "There is no presumption in the Federal Rules of Civil Procedure that a discovery request is relevant."[26] Nevertheless, relevance is often apparent to the court on the face of the request.[27]  When it is not, the proponent of the discovery has the burden to show the relevance of the discovery sought.[28]  If a discovery request seeks facially relevant information or if the proponent has demonstrated relevance, the party resisting discovery must establish the lack of relevance by demonstrating

---

[23] *Id.*

[24] Fed. R. Civ. P. 26(b)(1).

[25] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (quoting *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999)).

[26] *Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, No. 09-2656-KHV, 2010 WL 3880027, at *7 (D. Kan. Sept. 28, 2010) (citing *Thompson v. Jiffy Lube Intern., Inc.*, 05-1203-WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007)).

[27] *Id.* (citing *Thompson*, 2007 WL 608343, at *8 n.20).

[28] *Id.* (citing *Thompson*, 2007 WL 608343, at *8 n.20; *Pulsecard, Inc. v. Discovery Card Servs.*, 168 F.R.D. 295, 309 (D. Kan. 1996)).

that the requested discovery either (1) is outside the scope of relevance as defined by Rule 26(b), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery.[29]

It is not readily apparent how this information is relevant. Because this information does not appear facially relevant, the plaintiff bears the burden of showing relevance. Plaintiff sets forth two purposes in seeking this discovery.[30] First, plaintiff states he requires this information to evaluate potential claims. Plaintiff fails to specifically state what claims he is considering or how this information may help him evaluate these claims. Moreover, the deadline for amendments to the pleadings passed on August 9, 2010, before plaintiff filed this motion. Based on plaintiff's vague statements, the court has serious doubts this information would be useful for evaluating possible amendments. Therefore, the court finds plaintiff has not met his burden of establishing relevance for the purpose of asserting new claims.

Plaintiff also states this information is relevant because defendants contend plaintiff and the TeamHPC division failed to produce sufficient sales or sales with sufficient margin. Defendants state M&A has produced documents showing sales and gross margins on sales made by TeamHPC from January 2005 to November 2009, which defendants state was when the last payment was made on a sale in which plaintiff was involved. It does not appear that defendants have responded to Requests Nos. 13 and 14, which pertain to individual salespersons. The court

---

[29] *Id.* at *8 (citing *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[30] In his reply brief, plaintiff also contends that the discovery he seeks could be relevant to the issue of punitive damages sought by M&A. The court will not consider arguments raised for the first time in a reply brief, especially when capable of being presented earlier. *Minshall v. McGraw Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003). Moreover, plaintiff's argument regarding relevance as to punitive damages is flawed. Plaintiff argues he requires discovery to show he had a good faith belief that the restrictive covenants were unenforceable. Plaintiff fails to explain, however, how exactly any of this information would help establish what plaintiff's personal beliefs were at the time he allegedly breached the noncompete provision of the employment agreement.

cannot say this information would have no possible bearing on any claims or defenses in this case. That stated, the scope of these discovery appears to encompass some information that does not appear facially relevant. More specifically, if plaintiff requires this information to evaluate defendants' allegations about insufficient sales, it is not obvious why plaintiff seeks information regarding sales after he left M&A in order to show his sales were sufficient while he was at M&A. Accordingly, M&A shall supplement its responses to Request Nos. 13 and 14; however, M&A need only produce documents identifying each sales person for TeamHPC who made a sale from January 1, 2008, through July 2009, and documents showing commissions from January 1, 2009, through November 2009, for each sales person reporting to plaintiff and approved by the corporation for sales. The production defendants have made in response to Request Nos. 10 and 11 is sufficient, and therefore the motion to compel is denied with respect to these requests.

### g. Request Nos. 14-16

These requests pertain to M&A's toll-free 1-800 number. Request No. 14 seeks, "All agreements concerning the creation, maintenance, renewal and termination of the '1-800-TeamHPC' telephone number."[31] Request No. 15 seeks, "All correspondence with each person concerning the creation, maintenance, renewal and termination of the '1-800-TeamHPC' telephone number."[32] Request No. 16 seeks, "All documents concerning the creation, maintenance, renewal and termination of the '1-800-TeamHPC' telephone number."[33]

---

[31] Pl.'s First Requests for Production of Documents to Defendants Ex. A, at 2, ECF No. 91-1.

[32] *Id.*

[33] *Id.* at 3.

Defendants asserted a relevance objection, which is sustained.

These discovery requests seek information that does not appear facially relevant. As previously explained, when relevance is not readily apparent, the proponent of the discovery bears the burden of showing relevance. Plaintiff states he is entitled to engage in discovery on whether the employment agreement was properly terminated, whether the restrictive covenant is enforceable, and the truthfulness of testimony before Judge Robinson at the hearing on the motion for a preliminary injunction. Plaintiff does not specify how exactly this information relates to any of the claims or defenses in this case other than to say that the issue of whether M&A is still in the supercomputing industry is relevant to the enforceability of the restrictive covenants, the duration of the injunction, and the veracity of defense witnesses. Judge Robinson has already decided these issues. She granted summary judgment in favor of defendants on plaintiff's claim for declaratory judgment that he is not bound by the restrictive covenants in the employment agreement. In doing so, she ruled the restrictive covenants were effective.

When Judge Robinson took up defendants' motion for a permanent injunction, she explicitly rejected plaintiff's argument that a permanent injunction was premature because there had been no discovery or trial. In her Memorandum and Order, she stated that her prior ruling that the restrictive covenants are enforceable constitutes M&A's actual success on the merits.[34] She went on to state that there would be no trial on this issue, noting, "The fact that the parties submitted this issue on summary judgment prior to discovery does not change the impact of the summary judgment ruling."[35] It appears plaintiff is attempting to take discovery on issues no

---

[34] Memorandum and Order at 5, ECF No. 89.

[35] *Id.*

longer remaining in the case. Plaintiff's motion fails to specifically address or acknowledge the impact of Judge Robinson's ruling. The court will deny plaintiff's attempts to compel discovery aimed at issues that have been decided. For theses reasons, the motion to compel is denied with respect to this request.

### h. Request Nos. 17 and 18

These requests seek information pertaining to the TeamHPC website. Request No. 17 seeks, "All contracts and communications with persons who updated the TeamHPC website in 2010."[36] Request No. 18 seeks, "All documents concerning the update of the TeamHPC website in 2010."[37] Defendants assert a relevance objection, which is sustained.

For the same reasons explained in the preceding paragraphs, this information does not appear facially relevant, and plaintiff has not met his burden to establish relevance. Plaintiff suggests this information relates to whether M&A is still in the supercomputing industry and the veracity of M&A's witnesses that appeared before Judge Robinson at the preliminary injunction hearing. Again, plaintiff is seeking discovery on issues that have been decided. For this reason, the motion to compel is denied as to these requests.

### i. Request No. 19

This request seeks, "All policies and other documents concerning the installation and integration of sales made by TeamHPC."[38] In their original response to the discovery requests, defendants stated they would produce relevant documents. In their response brief, defendants do not rely on any objections previously asserted. Rather, they state, "M&A followed industry-

---

[36] Pl.'s First Requests for Production of Documents to Defendants Ex. A, at 3, ECF No. 91-1.

[37] *Id.*

[38] *Id.* at 6.

standard ISO-9000 procedures and standards for installation and integration."[39]  Defendants have

not met their burden to support their objections.  Therefore, they are overruled, and the motion to

compel is granted as to this request.  Defendants shall supplement their response to this request.

### j.        Request Nos. 21 and 22

These requests seek information related to bids and quotes made to potential clients.

Request No. 21 seeks, "Each quote submitted to TeamHPC to a potential customer since January

1, 2008," and Request No. 22 seeks, "Each bid submitted to a potential customer since January 1,

2008, by TeamHPC."[40]  Defendants assert this request is vague and ambiguous, and overly

broad.  These objections are overruled because defendants have failed to specifically support the

objections in their response brief.  Defendants also assert a relevance objection, which is

sustained in part and overruled in part.

Plaintiff sets forth three arguments in favor of relevance.  First, plaintiff contends the

relevance of this information cannot be judged until defendants provide plaintiff with this

information.  The court rejects this argument.  As a threshold matter, the court may only compel

relevant discovery.[41]  The court also rejects plaintiff's argument that this information is relevant

to whether M&A still has a legitimate business interest to protect by the covenant not to

complete.  As previously stated, Judge Robinson has decided issues related to the enforceability

of the covenant not to compete, and plaintiff has failed to explain how the enforceability of the

restrictive covenants impacts claims in this case.  Finally, plaintiff contends this information is

relevant to M&A's claim for damages against plaintiff for lost sales.  Indeed, M&A has asserted

---

[39] Defs.' Opposition to Renewed Mot. to Compel Disc. at 12, ECF. No. 121.

[40] Pl.'s First Requests for Production of Documents to Defendants Ex. A, at 3, ECF No. 91-1.

[41] *See* Fed. R. Civ. P. 26(b)(1).

a counterclaim for tortious interferences with business expectancies and/or contractual relationships. M&A alleges that during plaintiff's employment and after, plaintiff attempted to induce and has actually induced M&A customers to leave M&A.[42]

It appears this information could be relevant to defending this claim. For example, if these documents show M&A overbid a job or failed to submit quotes and bids on jobs, this could tend to negate the allegation that plaintiff caused M&A to lose business. Therefore, it appears plaintiff should be entitled to quotes and bits submitted to potential customers by TeamHPC from January 1, 2008, to the present date, for those current or prospective business relationships M&A contends plaintiff attempted to induce or actually induced to leave M&A. Plaintiff has not explained why he requires all bids and quotes made by TeamHPC, and the relevance of this portion of the request is not readily apparent. Accordingly, the court will limit these requests to those quotes and bids submitted to potential customers that M&A contends plaintiff attempted to induce or actually induced to leave M&A. Defendants shall supplement their responses to these requests for production as limited herein.

### k. Request No. 23

Request No. 23 seeks, "The technical specifications for each new product rolled out by TeamHPC since January 1, 2009."[43] Defendants have lodged a relevance objection, which is sustained. Because this information does not appear facially relevant, plaintiff bears the burden of showing its relevance. Plaintiff states this information is relevant to the issue of the enforceability of the restrictive covenant and the veracity of defense witnesses who appeared

---

[42] Def. M&A Technology, Inc's First Am. Answer and Countercl. for Breach of Contract and Declaratory J. at ¶ 135, ECF No. 90.

[43] Pl.'s First Requests for Production of Documents to Defendants Ex. A, at 3, ECF No. 91-1.

before Judge Robinson at the hearing on the motion for a preliminary injunction.  The court

rejects this argument for reasons previously explained.  Plaintiff has not met his burden of

demonstrating why this information is relevant at this stage of the proceedings.  Therefore, the

motion to compel is denied as to this request.

### l.        Request No. 24

This request seeks, "Each marketing plan since January 1, 2009 for TeamHPC."[44]

Defendants have asserted a relevance objection, which is sustained.  Because this discovery

request seeks information that does not appear facially relevant, plaintiff bears the burden to

show relevance.  Plaintiff again argues this information is relevant because of issues relating to

the enforceability of the restrictive covenant and the permanent injunction.  For the same reasons

previously explained, the court rejects this argument.  Plaintiff also states that "[s]uch

information is separately relevant in the new claim against Plaintiff for lost business and

revenue; the plans for the division are necessary to determine the causal connection to Plaintiff's

termination."[45]  Plaintiff merely points to some allegations in the pleadings and states this

discovery is relevant without explaining in any detail *how* exactly this information is relevant.

Simply referencing claims or issues in this case without explaining how the discovery sought

bears upon those claims or issues is not enough to show relevance.  Therefore, the court finds

plaintiff has not met his burden, and the motion to compel is denied with respect to this request.

### m.        Request Nos. 25 and 26

These requests seek, "Each profit and loss book of account created by or at the request of

Mr. Tom Garrett regarding TeamHPC's performance since January 1, 2008," and "Each profit

---

[44] *Id.*

[45] Pl.'s Mot. to Compel Discovery at 7, ECF No. 112-3.

and loss book of account created by or at the request of Mr. Carrington regarding TeamHPC's performance since January 1, 2008."[46] Defendants assert a relevance objection, which is sustained in part and overruled in part.

Neither plaintiff nor defendants inform the court as to the exact nature of the profit-and-loss books kept my Mr. Garrett and possibly Mr. Carrington, respectively. Therefore, it is difficult to meaningfully assess the relevance of this discovery. Nevertheless, both parties appear to agree that whether M&A terminated plaintiff's employment for cause remains an issue in this case. Plaintiff argues this discovery is relevant because M&A has alleged plaintiff and the TeamHPC division failed to generate sufficient profits, and this was one reason why M&A contends it terminated plaintiff's employment. Books showing profits and losses appear relevant to this issue because they would presumably show the profits generated by plaintiff and TeamHPC during the period in question, thereby potentially supporting or negating M&A's allegation. Defendants failed to respond to plaintiff's argument concerning insufficient profits, and therefore their relevance objection is overruled in part. The profit-and-loss books for the time period when plaintiff no longer worked for M&A do not appear facially relevant for the purpose of assessing M&A's allegation about why it terminated plaintiff's employment, and plaintiff has not explained why he requires this information. Therefore, the court limits the temporal scope of these document requests to profit-and-loss books regarding TeamHPC's performance from January 1, 2008, through November 2009, which is when defendants state M&A last received payment for jobs involving plaintiff. The other statements plaintiff makes as to relevance relate to issues already decided by Judge Robinson. Again, the court rejects these arguments. Defendants shall supplement their responses to these requests as limited in this

---

[46] Pl.'s First Requests for Production of Documents to Defendants Ex. A, at 3, ECF No. 91-1.

order.

### n. Request Nos. 27

Request No. 27 seeks, "Copies of each succession plan for Mr. Magdy Elwany."[47] Defendants assert a relevance objection, which is sustained. This information does not appear facially relevant, and plaintiff has not met his burden to establish relevance. Plaintiff states this information is relevant to issues that have been decided, and to the extent plaintiff contends this information is relevant to issues that still remain in this case, he has failed to demonstrate such. Therefore, the motion to compel is denied as to this request.

### o. Request Nos. 28, 29, and 41

These requests pertain to correspondence with Microtech Computers, Inc., a competitor of M&A. Request No. 28 seeks, "All correspondence with Microtech Computers, Inc. and/or Michael Zheng and/or their agents, attorneys or other representatives since January 1, 2005."[48] Request No. 29 seeks, "Copies of each document provided to Microtech Computers, Inc. and/or Dana Chang and/or Michael Zheng and/or their agents, attorneys or other representatives since January 1, 2009."[49] Request No. 41 seeks, "All correspondence and analysis regarding any claims by Microtech Computers, Inc. that it had proprietary and protectable 'scripts' or other items."[50] Defendants assert several objections, among them relevance and overbreadth objections, both of which are sustained.

The information sought in these discovery requests does not appear facially relevant, and

---

[47] *Id.*

[48] *Id.*

[49] *Id.* at 4.

[50] *Id.*

plaintiff has not met his burden to establish relevance. Again, plaintiff states this information is relevant to the enforcement of the restrictive covenants, an issue already decided. Plaintiff further states this information is relevant because defendants contend plaintiff shared confidential information with a competitor. Plaintiff suggests these discovery requests could yield information showing that M&A allowed competitor Microtech access to its confidential information when it permitted Microtech access to its servers apparently in response to a subpoena. Plaintiff contends this information could show lack of damage and waiver of confidentiality.

The bulk of the factual allegations in M&A's pleadings relating to the disclosure of confidential information involve M&A's claim that plaintiff breached the employment contract by accepting employment with a competitor in violation of the covenant not to compete. They also possibly relate to the alleged reasons for his termination. Plaintiff cites no authority for his waiver-of-confidentiality argument. The court might be persuaded this information could be relevant to damages had plaintiff done more than merely mention the concept. Based on the briefing, however, the court does not understand how this information is relevant to damages. Thus, a finding of relevance as to damages is speculative at best.

Even assuming plaintiff's relevance arguments had merit, the discovery requests are not narrowly tailored. Requests for "all correspondence" for a period of more than five years and for "each document" provided to Microtech likely encompasses matters far beyond those related to showing M&A allowed Microtech access to confidential information. Therefore, the court also finds these requests to be overly broad. For the foregoing reasons, the court denies plaintiff's motion to compel as to these requests.

**p.      Request No. 30**

20

Defendants state they have already responded to this request.  Therefore, the motion to compel is moot as to Request No. 30.

### q.      Request Nos. 31, 33, 34, and 35

These requests pertain to orders with the D0C9 classification, which defendants explain is a government classification for an order that takes priority over other orders.  Request No. 31 seeks, "All policies of M&A Technology, Inc. including TeamHPC regarding compliance with D0C9."[51]  Defendants state M&A has no policies of its own and that there are no responsive documents.  Therefore, the motion to compel is moot as to this request.  Request Nos. 33 and 34 seek D0C9 orders with M&A and TeamHPC, and Request No. 35 seeks, "Each notice provided notifying when the China Lake order could be performed."[52]  Defendants assert a relevance objection, which is sustained in part and overruled in part.

Plaintiff states this information is relevant because defendants contend one reason they terminated plaintiff's employment was because he failed to consider the application of a D0C9 designation when submitting a bid for government work, and plaintiff contends defendants assert the sale involving the second D0C9 designation was not commercially reasonable because of the other D0C9 order.  Therefore, defendants could reject the sale without violating plaintiff's employment agreement.[53]  Although the court cannot determine from the pleadings whether plaintiff has accurately described defendants' position, defendants did not contradict these statements in their response brief.  Defendants state they will produce documents showing M&A had already received a D0C9 order when plaintiff requested that another D0C9 order be filed.

---

[51] *Id.* at 4.

[52] *Id.*

[53] Pl.'s Mot. to Compel Discovery, Attach. 3 at 9, ECF No. 112-3.

These documents appear sufficient to satisfy the purpose for which plaintiff states he seeks discovery. Plaintiff's request for all D0C9 orders from January 1, 2009, to the present date encompasses documents not involving the D0C9 order at issue. Plaintiff has not explained why he requires discovery related to D0C9orders placed before and after the incident in question, and the court does not find this information to be facially relevant. Therefore, the court sustains in part and overrules in part defendants' relevance objection as to Request Nos. 33 and 34. Defendants shall supplement their responses to these requests by producing documents showing M&A had already received a D0C9 order at the time plaintiff requested another D0C9 order be filed.

Neither party specifically addresses Request No. 35, which seeks information about when M&A could perform the China Lake order. This information appears facially relevant. M&A has alleged plaintiff diverted business from the China Lake order and engaged in other misconduct related to the order. It appears that information related to M&A's notification of when it could perform that order relates to plaintiff's contention that he did not divert the China Lake order to a competitor but that M&A had abandoned the order. Therefore, the motion to compel is granted as to this request. Defendants shall fully respond to Request No. 35.

### r.      Request No. 32

Request No. 32 pertains to Supercomputing 2009, an industry trade show for the high performance computing business. The request seeks, "All correspondence, documents and other plans in regard to attending Supercomputing 09."[54] Defendants assert a relevance objection, which is sustained.

This information does not appear facially relevant. Therefore, plaintiff bears the burden

---

[54] Pl.'s First Requests for Production of Documents to Defendants Ex. A, at 4, ECF No. 91-1.

of establishing relevance. Again, plaintiff argues this information is relevant as to issues Judge Robinson has already decided. Because plaintiff has not met his burden to establish relevance, the motion to compel is denied as to this request.

### s. Request Nos. 36 & 37

This request seeks, "All policies and procedures concerning the conversion of orders."[55] Defendants state they have no formal policies and procedures concerning the conversion of orders. They state they have produced documents showing the conversation process, including documents showing plaintiff's role in the conversion process. Likewise, defendants also state they have responded to Request No. 37, which seeks division quotas for TeamHPC for each month since January 2008. Plaintiff has failed to specifically state how this production is insufficient or why he believes defendants may be in possession of additional responsive documents not produced. Accordingly, the motion is moot as to these requests.

### t. Request No. 38

This request seeks, "All compensation paid to Christopher Allison since January 1, 2008, specifically identifying when and for what."[56] Defendants assert a relevance objection, which is sustained. Because this information does not appear facially relevant, plaintiff bears the burden of establishing relevance. Plaintiff states this information is relevant because the employment agreement specifies that plaintiff would be paid a portion of the commission paid to Mr. Allison. Indeed, the employment agreement provides that plaintiff shall receive five percent "of the gross margin from sales of Mr. Foster, Mr. Allison, and other salespersons in the TeamHPC division"

---

[55] *Id.*

[56] *Id.*

who report to plaintiff and are approved by M&A.[57]  However, defendants state they have already produced documents showing the gross sales and profits on sales made by Mr. Allison. The court does not understand plaintiff's position that documents showing *all* compensation paid to Mr. Allison—including compensation paid to Mr. Allison after plaintiff no longer worked for M&A—is relevant to plaintiff's theory that M&A may still owe plaintiff commissions or that M&A may have breached this portion of the employment agreement.

Plaintiff also states this information is relevant to the timing of payments made after his termination.  Defendants state in their response brief that they did not understand this position. Plaintiff did not clarify this position is his reply brief, and the court is also unclear how the timing of payments pertains to the claims and defenses in this case.  Because plaintiff has not met his burden to establish relevance, the motion to compel is denied as to this request.

### u.      Request No. 39

Defendants state they have produced responsive documents.  Plaintiff's reply brief does not specify how defendants' production, as to this request, is insufficient.  Therefore, the motion to compel is moot as to this request.

### v.      Request No. 40

Request No. 40 seeks, "All policies and procedures concerning the functionality of the ERP system."  Defendants object that this request is overbroad, vague and ambiguous, and unduly burdensome.  Defendants do not specify how exactly this discovery request is objectionable other than to state that the request is unclear and that they have asked plaintiff to clarify what he is seeking and why this information is appropriate.  Defendants have not met their burden to support their objections.  Accordingly, they are overruled.  Defendants shall fully

---

[57] Employment Agreement at 3, ECF No. 9-1.

respond to Request No. 40.

### w.    Request No. 43

This request seeks, "All communications with Federal Edge since January 1, 2009."[58]
Defendants have produced documents showing communications with Federal Edge regarding the
China Lake order. They assert an overbreadth objection as to the remainder of the request,
which is sustained.

Plaintiff states he requires this information because M&A rejected the China Lake sale,
which was fulfilled by Federal Edge. Plaintiff argues this information bears on issues such as
whether the rejection of the China Lake order was commercially reasonable. Plaintiff further
states M&A has put at issue plaintiff's contacts with Federal Edge and how M&A addressed the
purchase order. The court agrees with defendant that this request is overbroad in that it
encompasses some relevant information but that the bulk of the information sought likely has
nothing to do with the issues in this case. Defendants state they have produced documents
showing communications with Federal Edge regarding the China Lake order. This production
should be sufficient to satisfy plaintiff's stated reasons for the request. The court does not see
how communication with Federal Edge up to the present date has any bearing on the issues for
which plaintiff contends he requires the communications. For these reasons, the court finds
defendants limited production is sufficient. The motion to compel is denied as to this request.

### x.    Request No. 44

This request seeks, "All documents showing an intent to stay within the HPC space."[59]
Defendant asserts a relevance objection, which is sustained. Because this information does not

---

[58] Pl.'s First Requests for Production of Documents to Defendants Ex. A, at 5, ECF No. 91-1.

[59] *Id.*

appear facially relevant, plaintiff bears the burden of establishing relevance. Plaintiff states this information is relevant to issues already decided by Judge Robinson. The court rejects these arguments for the reasons previously explained. Plaintiff separately states this information is relevant because defendants claim plaintiff caused M&A to lose sales and profits. The court would be inclined to allow a more narrowly tailored document request aimed at gathering information about whether M&A was still in the supercomputing industry during the time it alleges plaintiff caused it to lose clients, sales, and profits. However, plaintiff has not explained how exactly M&A's "intent to stay within the HPC space" in any way relates to clients, sales, and profits M&A allegedly lost because of plaintiff's conduct. Therefore, the motion to compel is denied as to this request.

### y. Request Nos. 45 and 66

Defendants state they have responded in full to these requests. In his reply brief, plaintiff fails to explain how exactly he believes defendants' production is insufficient. Accordingly, the motion to compel is moot as to these requests

### z. Request No. 46

This request seeks, "All e-mail from and/or to Chris Kalis."[60] Plaintiff conceded this request is facially overly broad and agreed to limit the request to e-mails to or from Mr. Kalis concerning Mr. Stouder and/or TeamHPC, including e-mails relating to the termination of Mr. Stouder. Defendants state they have produced responsive documents to the request as modified. Accordingly, the motion to compel is moot as to this request.

### aa. Request Nos. 48-50

These requests seek all e-mails using the words, "succession," "linux," or "China

---

[60] *Id.*

Lake."[61] Defendants assert an overbreadth objection, among others. Their overbreadth objection is sustained. These document requests contain no temporal scope, are not limited to certain senders or recipients, and likely encompass a large number of documents having nothing to do what matters in this case. As such, the court finds these document requests are facially overbroad, and therefore plaintiff bears the burden of showing these document requests are not objectionable. Plaintiff's asserts he cannot identify more specific e-mails because he does not know which e-mails exist. This explanation for sweeping document requests is insufficient to show they are not objectionable. At this point in the litigation, the court would expect that plaintiff is well aware of the individuals at M&A who might have sent or received e-mails that would pertain to issues still in this case, and plaintiff certainly should be able to provide defendants with a more narrowly tailored description of e-mails he seeks to discover. For these reasons, the motion to compel is denied as to these requests.

### bb.    Request Nos. 52 and 53

Request No. 52 seeks, "All customer complaints concerning TeamHPC or its systems," and Request No. 53 seeks, "Responses to each customer complaint and the responsive measures to each complaint."[62] Defendants assert a relevance objection, which is sustained.

Plaintiff states he requires this information because defendants contend plaintiff was terminated because of errors in bidding and because of customer complaints. Defendants state M&A has produced documents showing the specific customer complaints resulting from plaintiff's alleged conduct. This limited production should be sufficient to satisfy plaintiff's stated reasons for the request. The relevance of information beyond that related to customer

---

[61] *Id.*

[62] *Id.*

complaints involving plaintiff is not readily apparent. As such, plaintiff bears the burden of establishing the relevance of this discovery. Plaintiff fails to offer any explanation as to why he requires customer complaints and responses that in no way involve him. Accordingly, the court finds defendants' limited production is sufficient.

### cc.    Request No. 54

This request seeks, "All profit and loss statements for TeamHPC from 2005-2009."[63] Defendants assert a relevance objection, which is overruled. Plaintiff makes several blanket statements that this information is relevant to the breach of contract claim and M&A's allegations that plaintiff's actions caused M&A financial losses. Plaintiff, however, fails to explain precisely how this information is relevant to these issues. Nevertheless, the court finds this information does appear facially relevant to M&A's claims of financial loss as a result of plaintiff's actions. Therefore, as previously stated, defendants bear the burden of establishing lack of relevance by showing the requested discovery is either (1) is outside the scope of relevance as defined by Rule 26(b), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery. Defendants fail to make such a showing. They state the information is not relevant but, like plaintiff, fail to explain how exactly this is the case. Accordingly, the motion to compel is granted as to this request. Defendants shall supplement their response.

### dd.    Request No. 55

This request seeks, "All tax returns for M&A for 2005-2009." Defendants have asserted a relevance objection, which is sustained. Courts generally require the proponent of discovery to

---

[63] *Id.*

make an additional showing to compel the production of tax returns.[64] "First, the court must find the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable."[65] Plaintiff states this information is relevant to defendants' contention that TeamHPC was unprofitable, and he states this information bears on the amount and extent of M&A's alleged damages. It is not apparent how tax returns for M&A could show the profitability of TeamHPC during the years in question. Plaintiff does not suggest the tax returns contain any information specific to TeamHPC. Moreover, it is not apparent from the pleadings how tax returns would in any way relate to M&A's alleged damages. Plaintiff has not established how the information he seeks is relevant. Even assuming plaintiff had shown relevance, he still has not shown that the information contained in the tax returns is not otherwise readily obtainable. For these reasons, the motion to compel is denied with respect to this request.

### ee. Request Nos. 56 and 60

Request No. 56 seeks, "All ISO documents that detail the problems with the delivery of TeamHPC systems from 2005-2009," and Request 60 seeks, "Copies of reimbursements from Vendors for SC-05 [SuperComputing '05] to current date."[66] Defendants assert a relevance objection, which is sustained.

Plaintiff states this information is relevant to defendants' contention that plaintiff's job

---

[64] *Hartford Fire & Ins. Co. v. P & H Cattle Co., Inc.*, No. 05-2001-DJW, 2009 WL 2951120, at *7 (D. Kan. Sept. 10, 2009).

[65] *Id.* (quoting *Cont'l Coal, Inc. V. Cunningham*, No. 06-2122-KHV, 2007 WL 4841848, at *3 (D. Kan. Nov. 28, 2007)).

[66] *Id.* at 5, 6.

performance was one reason for terminating his employment. Plaintiff suggests defendants believe there were issues related to "change orders and timing."[67] The court is unclear what this means, and plaintiff fails to explain how this information pertains to issues in the case. Nevertheless, defendants state they have produced documents showing problems specifically attributable to plaintiff involving the delivery of systems. The court finds this production should be sufficient for plaintiff's stated purpose. Plaintiff fails to address Request No. 60, which seeks information does not appear facially relevant. For these reasons, the motion to compel is denied with respect to these requests.

### ff.     Request No. 59

This request seeks, "Copies of receipts for each SuperComputing (SC) Tradeshow from 2005-current."[68] Defendants assert a relevance objection, which is sustained. The relevance of these documents is not readily apparent. As such, plaintiff bears the burden of establishing relevance. Plaintiff states this information is relevant to issues already decided by Judge Robinson. For reasons previously explained, the court will not compel discovery aimed at these issues.

Plaintiff also states this information is relevant to defendants' contention that TeamHPC was unprofitable, and he states this information relates to M&A's damages. Plaintiff theorizes M&A allocated costs to TeamHPC related to trade shows when vendors and third parties reimbursed TeamHPC for these costs. Therefore, plaintiff believes this information may tend to negate M&A's claims of damages. In their response brief, defendants state the damages sought relate to actions taken by plaintiff after his termination from M&A. As such, reimbursements

---

[67] Pl.'s Mot. to Compel Discovery at 13, ECF No. 91.

[68] Pl.'s First Requests for Production of Documents to Defendants Ex. A, at 6, ECF No. 91-1.

and receipts during plaintiff's tenure would not have any bearing on the alleged damages. Plaintiff fails to address defendants' contention in his reply brief, and plaintiff points to nothing in the pleadings or discovery responses indicating that M&A has based its damages on anything that could be impacted by trade show receipts. For these reasons, the motion to compel is denied as to this request.

### gg. Request No. 61

This request seeks, "All calculations and supporting information showing the allocation of overhead and costs to the TeamHPC division."[69] Defendants assert a relevance objection, which is overruled. Because this document request seeks information that does not appear facially relevant, plaintiff bears the burden of establishing relevance. Plaintiff states this information is relevant for two reasons. First, plaintiff claims this information is relevant to defendants' damages calculation. The court rejects this proposition for reasons previously explained: defendants expressly state the damages M&A alleges it suffered pertain to plaintiff's actions after he no longer worked for M&A, and therefore information about TeamHPC's performance during plaintiff's tenure would have no bearing on M&A's alleged damages. Plaintiff also states he requires this information because defendants contend one of the reasons for plaintiff's termination is because TeamHPC was not profitable. The court finds this explanation satisfies plaintiff's burden of establishing relevance. Therefore, the burden shifts to defendants to show lack of relevance. Defendants fail to address the issue of relevance as to one of the alleged reasons for plaintiff's termination. Accordingly, the court finds defendants have not carried their burden of supporting their relevance objection. The motion to compel is granted as to Request No. 61. Defendants state they have produced documents showing the overhead

---

[69] *Id.*

and cost allocation and will supplement as appropriate. The court is unclear whether defendants have fully responded to this request. To the extent they have not, they shall make a full and complete production.

### hh. Request No. 65

This request seeks, "All assignment of proceeds agreement[s] entered into by M&A since 2005."[70] Defendants assert an overbreadth objection, which is sustained. Plaintiff contends this information is relevant because M&A rejected the China Lake deal because M&A claimed it never dealt with an assignment of proceeds. However, defendants state this is not their position. Defendants state M&A rejected the China Lake deal because the particular assignment of proceeds presented to M&A was not acceptable. Defendants have apparently limited production to documents involving the China Lake deal. The court finds this should be sufficient for the purpose plaintiff states he requires the information. Defendants' position is apparently quite different from what plaintiff has presented. As such, the request is overbroad because it encompasses some relevant documents—those related to the China Lake deal—but mostly documents having no bearing on the issues in the case. If defendants have not yet produced responsive documents limited to the China Lake deal, they shall do so. The motion to compel is otherwise denied with respect to Request No. 65.

### ii. Request No. 68

This request seeks, "Each trade secret you contend Mr. Stouder had access to."[71] Defendants assert a relevance objection, which is sustained. Again, this information does not appear facially relevant, and as such, plaintiff bears the burden of establishing relevance.

---

[70] *Id.*

[71] *Id.*

Plaintiffs states this information is relevant because defendants have asserted plaintiff used confidential information for his benefit. Again, plaintiff fails to connect the dots for the court by explaining *how* exactly this information has any bearing on the issues still remaining in the case. The court fails to see why defendants should produce each an every document constituting a trade secret that plaintiff had access to it is not apparent that M&A has contended plaintiff misused all of the trade secrets accessible to him. Plaintiff also states this information is relevant to issues already decided by Judge Robinson. The court rejects this argument for the same reasons previously stated. For these reasons, the motion to compel is denied with respect to this request.

### jj.     Request No. 69

This request seeks, "M&A's GSA contract(s)."[72] Defendants assert a relevance objection, which is sustained. Plaintiff states M&A has claimed damages related to an allegedly converted sale, which was made under its GSA contract. Therefore, plaintiff claims the terms of the contract are relevant. Again, plaintiff fails to outline how exactly the terms are relevant—what information he believes may be gleaned from the contracts and how that information would bear on issues in the case. The court assumes plaintiff believes the contract would provide more information about the profit M&A stood to make, which plaintiff presumably believes is part of M&A's damages calculation. However, defendants state M&A is seeking damages relating to actions taken by Stouder in violation of his duty of loyalty and after his termination. Indeed, M&A's counterclaim for breach of the duty of loyalty seeks "disgorgement of compensation paid by M&A to Stouder while Stouder was in breach of his duty of loyalty, a disgorgement of the profits Stouder received from his breach of the duty, and

---

[72] *Id.*

33

punitive damages."[73]  Based on the information arguments presented in the briefs and allegations presented in the pleadings, the court fails to see how this information is relevant.  Accordingly, the motion to compel is denied with respect to this request.

### kk.      Request No. 41

This request seeks, "All communications with Plaxo."[74]  Defendants assert a relevance objection, which is sustained.  As this information does not appear facially relevant, plaintiff bears the burden of establishing relevance.  Plaintiff states this information is relevant to issues already decided by Judge Robinson.  As previously explained, the court will not compel discovery related to those issues.  Moreover, defendants explain they are no responsive documents.  The motion to compel is denied as to this request.

### 2.      Plaintiff's Second Request for Production of Documents

Request No. 1 seeks, "The Resume of each individual who performed work programming, loading or otherwise integrating the software, programs and/or scripts on each product sold by TeamHPC since January 1, 2008."[75]  Request No. 2 seeks, "The time cards for each engineer showing the time spent performing work programming, loading or otherwise integrating the software, programs and/or scripts on each product sold by TeamHPC since January 1, 2008."[76]  Defendants assert a relevance objection, which is sustained.

Again, this information does not appear facially relevant, and therefore plaintiff bears the burden of showing relevance.  Plaintiff states this information is relevant because M&A has

---

[73] Def. M&A Technology, Inc.'s First Am. Answer and Counterclaims for Breach of Contract and Declaratory J. at ¶ 133, ECF No. 90.

[74] Pl.'s First Requests for Production of Documents to Defendants Ex. A, at 6, ECF No. 91-1.

[75] Pl.'s Second Requests for Production of Documents to Defs. Ex. E, at 1, ECF No. 91-5.

[76] *Id.*

alleged it lost business as a result of plaintiff's actions.  He goes on to state that M&A has contended it has the ability and expertise to remain in the HPC field, which means it must employ individuals qualified to install HPC software.  This information appears to bear on issues already decided by Judge Robinson.

Plaintiff also states defendants have accused plaintiff of entering into sales that resulted in a loss to TeamHPC in part because of increased labor costs.  However, the court fails to see how engineers' time cards would establish how much time they spent working on the jobs in question.  Without a significantly more detailed explanation from plaintiff as to the relevance of these documents, the court will not compel production.  Therefore, the motion to compel is denied with respect to these requests.

### B.    Plaintiff's First Interrogatories to Defendants

### 1.    Interrogatory No. 3

This interrogatory states, "Please identify each and every reason for Mr. Stouder's termination.  For each reason, please identify the date such reason was first asserted, all facts related to the reason, all persons with knowledge of the facts related to the reason, and the knowledge they possess."[77]  Although it is not entirely clear, it appears plaintiff believes defendants' two-and-a-half page answer is somehow insufficient because it leaves open the possibility that defendants will assert additional reasons for plaintiff's termination.  Defendants are under an obligation to supplement their responses to the interrogatory if they learn the response they provided is incomplete or incorrect.  If defendants are aware of additional reasons for plaintiff's termination that have not yet been disclosed, they shall supplement their response.  However, plaintiff has provided a two-sentence explanation as to why he seeks to compel a

---

[77] Bret Stouder's First Interrogatories Propounded to Defendants Ex. C., at 4, ECF No. 91-3.

further response to this interrogatory, and it is far from clear why plaintiff believes the response is insufficient.  The motion to compel is denied with respect to this interrogatory.

### 2.      Interrogatory No. 5

This interrogatory states, "Please identify each sale made by each salesman of TeamHPC since January 1, 2009.  For each, please identify the commission due the salesman and the date it was paid to him/her."[78]  Plaintiff states defendants have refused to provide this information.  Indeed, in their response to this interrogatory, defendants assert various objections.  Subject to those objections, defendants state they have and will continue to produce business records regarding sales by TeamHPC and commissions paid to plaintiff.

Fed. R. Civ. P. 33 governs interrogatories to parties.  Subsection (d)  provides,

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . , and if the burden of delivering or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> (1)      specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> (2)      giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

In this case, it appears defendants have generally referenced some documents previously produced.  This is not sufficient to satisfy the requirements of Rule 33(d).[79]  Defendants do not assert any objection to this interrogatory in their response to the motion to compel.  As their answer is insufficient and as they have failed to rely upon any objection in the briefing on the

---

[78] *Id.* at 5.

[79] *See Allianz Ins. Co. v. Surface Specialties, Inc.*, No. Civ. A. 03-2470-CM-DJW,  2005 WL44534, at *4 (D. Kan. Jan. 7, 2005) (stating that it is not enough under Rule 33(d) for a party to generally refer an interrogating party to previously produced documents) (citing  *Zapata v. IBP, Inc.*, No. Civ. A. 93-2366-EEO, 1997 WL 50474, at *1 (D. Kan. Feb. 4, 1997))

instant motion, the motion to compel is granted with respect this interrogatory.  Defendants shall supplement their response.

### 3. Interrogatory No. 6

This interrogatory states, "Please itemize all damages you seek in this case."[80] Defendants objected the term "itemize" is vague and ambagious.  In their response brief, defendants do not rely on this objection.  Instead, they state they have already provided this information in their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  Again, this is not a sufficient response.[81]  Defendants also state they were awaiting discovery responses from plaintiff before being fully able to provide more information about their damages calculation. This is not a compelling reason to deny plaintiff's motion to compel a responsive answer. Defendants must answer the interrogatory to the best of their abilities.  If new information arises, defendants may supplement their response.  Therefore, the motion to compel is granted as to Interrogatory No. 6.

### 4. Interrogatory No. 7

This interrogatory states, "Please identify all information and/or access provided to Microtech Computers, Inc. And its representatives since January 1, 2009."[82]  Defendants assert a relevance objection, which the court sustains for the same reasons previously explained when discussing Plaintiff's First Request for Production of Documents, Request No. 28, 29, and 41. The information this interrogatory seeks does not appear facially relevant, and plaintiff has failed to carry his burden to establish relevance.  The motion to compel is denied with respect to this

---

[80] Bret Stouder's First Interrogatories Propounded to Defendants Ex. C., at 5, ECF No. 91-3.

[81] *See Allianz*, 2005 WL44534, at *4 (finding that a response to an interrogatory that points the interrogator to initial disclosures does not constitute a responsive answer).

[82] Bret Stouder's First Interrogatories Propounded to Defendants Ex. C., at 5, ECF No. 91-3.

interrogatory.

### 5. Interrogatory No. 8

This interrogatory states, "Identify each M&A customer or client outside of the HPC market that Mr. Stouder had any contact with during his employment, and identify the products or services each customer purchased from M&A."[83]  Defendants assert a relevance objection, which is sustained.  Because this information does not appear facially relevant, plaintiff bears the burden of establishing relevance.  Plaintiff states this information is relevant to issues already decided by Judge Robinson.  For the same reasons previously stated, the court rejects this argument.  The motion to compel is denied with respect to this interrogatory.

### 6. Interrogatories Nos. 9-11

These interrogatories seek information pertaining to the China Lake order.  Defendants asserted a number of objections in their initial response to these interrogatories, but they appear to rely on none of them in their response brief.  Rather, they state plaintiff has not shown the responses are insufficient.  The court, however, believes the responses are insufficient on their face because they do not address the substance of the questions posed.  Interrogatory No. 9 requests that defendants identify by date, participant, and subject matter, every communication between M&A and Wyle Laboratories.  Defendants lump communications together in large spans of time and fail to detail which employees were communicating with Wyle Laboratories and about what subject matter.  The same is true of Interrogatory No. 10, which pertains to communications with Federal Edge and Interrogatory No. 11, which seeks similar information pertaining to communications with the customer on the China Lake project.  Because these responses are not sufficient and because defendants have failed to support their objections in

---

[83] *Id.* at 6.

their response brief, they are overruled.  The motion to compel is granted with respect to Interrogatories Nos. 9-11.  Defendants shall supplement their responses.

### 7.    Interrogatory No. 12

Interrogatory No. 12 states, "Please identify all litigation in which Defendant was a party in the past three years, and identify the Court and the case number."[84]  Defendants assert a relevance objection, which is sustained in part and overruled in part.  Plaintiff states this information is relevant because defendants contend plaintiff caused them to be involved in litigation, one of the alleged reasons for his termination.  Plaintiff states information pertaining to other litigation would show the existence, conduct, and effect of other litigation relevant to the drains on defendants.  He also contends this information is relevant as to actions taken against other employees.  The court agrees some of this information appears relevant.  However, information about suits having nothing to do with employees does not meet this stated purpose.  Defendants have provided information about a lawsuit they deem similar to the present case.  The court finds the request should be modified to encompass only suits where M&A employees were parties.  Narrowing the interrogatory to these matters fits within plaintiff's stated purpose for the request.  As defendants merely make conclusory remarks that the information this interrogatory seeks is not relevant, their objection is overruled.  The motion to compel is granted in part and denied in part with respect to this interrogatory.  Defendants shall supplement their response as limited herein.

### 8.    Interrogatory No. 14

This interrogatory states, "Who will own M&A in the event of Mr. Magdy Elwany's

---

[84] *Id.* at 7.

death, disability, retirement or withdrawal from M&A?"[85]   This information does not appear facially relevant, and plaintiff has not met his burden to show relevance.  The other statements plaintiff makes as to relevance relate to issues that have already been decided by Judge Robinson.  Again, the court rejects these arguments.  For these reasons, the motion to compel is denied with respect to this interrogatory.

## IV.     Attorney Fees

Fed. R. Civ. P. 37(a)(5)(C) provides that the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.  Plaintiff seeks attorney fees associated with filing the instant motion.  As previously explained, plaintiff failed to follow the spirit of this court's order—if not the order itself— that the parties further *meaningfully* confer about the instant discovery dispute.  Instead, plaintiff filed the same motion he previously filed.  The result is an enormous amount of judicial resources spent on a motion seeking to compel numerous facially objectionable discovery requests, document production requests that are now moot because defendants contend they have fully responded, and discovery requests aimed at issues already decided by Judge Robinson.  The bulk of plaintiff's motion has been denied.  The court concludes the plaintiff's recovery of attorney fees is not appropriate in this instance.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Renewed Motion to Compel Discovery (ECF No. 112) is hereby granted in part and denied in part.

**IT IS FURTHER ORDERED** that within fourteen (14) days from the date of this order, defendants shall supplement their discovery responses as detailed in this Memorandum and Order.

---

[85] *Id.* at 8.

**IT IS SO ORDERED.**

Dated this 17th day of February, 2011, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
