IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| BRET STOUDER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-4113-JAR |
| | ) | |
| M&A TECHNOLOGY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon plaintiff's Second Motion to Compel Discovery (ECF No. 134).[1] Plaintiff seeks to compel responses to interrogatories and requests for the production of documents. Defendants oppose the motion. For the reasons explained below, the motion is granted in part and denied in part.

### I.     Procedural Conference Requirement

The Federal Rules of Civil Procedure and this district's local rules require a moving party to confer with opposing counsel about the discovery dispute before filing a motion to compel. Fed. R. Civ. P. 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This district's local rules expand on the movant's duty to confer, stating that a " 'reasonable effort' to confer means more than mailing or faxing a letter to the opposing party."[2] It requires the parties in good faith

---

[1] To conform with the nineteenth edition of *The Bluebook: A Uniform System of Citation*, the undersigned now designates all docket entries as "ECF No."

[2] D. Kan. Rule 37.2

to "converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[3] The local rule also requires the movant to "describe with particularity the steps taken by all attorneys to resolve the issues in dispute"[4] so that the court can evaluate efforts to confer. When determining whether the moving party has satisfied the duty to confer, the court looks beyond the sheer quantity of contacts.[5] It examines their quality as well:[6]

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery. The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[7]

In this case, plaintiff has attached a statement of the parties' efforts to resolve the dispute. The certification describes "several fleeting conversations about the need to confer" and a discussion on October 20, 2010, between plaintiff's counsel and defense counsel during which time defendants apparently promised to supplement their production.[8] Based on this relatively brief description and based on the briefing on plaintiff's motion to compel, the court does not find that plaintiff adequately conferred before filing his motion. For example, defendants

---

[3] *Id.*

[4] *Id.*

[5] *P.S. v. The Farm, Inc.*, No. 07-2210-JWL-DJW, 2008 WL 3884312, at *2 (D. Kan. Aug. 19, 2008).

[6] *Id.*

[7] *Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[8] Decl. and Certification of Compliance with D. Kan. Rule 37.2 at 1-2, ECF No. 134-1.

contend they have fully responded to a number of these discovery requests, and plaintiff has presented no evidence showing that defendants have withheld documents. This, like other disputes discussed below, is capable of resolution without judicial intervention. Although the court finds plaintiff has not adequately conferred, in its discretion, it will consider the merits of the motion to compel.

## II. Discussion[9]

Fed. R. Civ. P. 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." When a party fails to make disclosure or discovery, the opposing party may file a motion to compel. When a party files a motion to compel and asks the court to overrule certain objections, the objecting party must specifically show in its response to the motion how each discovery request is objectionable.[10] Objections initially raised but not supported in response to the motion to compel are deemed abandoned.[11] However, if the discovery requests appear facially objectionable in that they are overbroad or seek information that does not appear relevant, the burden is on the movant to demonstrate how the requests are not objectionable.[12] With this standard in mind, the court turns to the discovery at issue.

---

[9] The facts giving rise to this action and the discovery disputes at issue in this case are described in previous orders. *See Stouder v. M&A Tech., Inc.*, No. 09-4113-JAR, 2010 WL 2044666 (D. Kan. May 24, 2010) (granting defendants' motion for partial summary judgment and entering a preliminary injunction); *see also* Memorandum and Order, ECF No. 149 (granting in part and denying in part plaintiff's previous motion to compel).

[10] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[11] *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 380 n.15 (D. Kan. 2005) (citing *Sonnino*, 221 F.R.D. at 670); *Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999).

[12] *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 663 (D. Kan. 2003) (citing *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)).

### A. Interrogatories

The majority of the disputes regarding interrogatories center on whether defendants fully answered the questions posed. Fed. R. Civ. P. 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Evasive or incomplete answers are treated as a failure to disclose or respond.[13] With regard to Interrogatories Nos. 1, 2, 3, and 4, defendants answered but also objected. In their response to the motion to compel, however, defendants do not discuss or rely upon these objections. Therefore, the court deems them abandoned.[14] Rather, defendants argue their responses are complete. The court disagrees.

Interrogatory No. 2 asks defendants to "*identify each act* allegedly committed prior to Plaintiff's termination which would have otherwise justified his termination."[15] Defendants direct plaintiff to their response to another interrogatory, which merely contains "examples" of acts plaintiff allegedly committed that would justify termination. Likewise, Interrogatory No. 3 seeks the names of customers whom defendants contend plaintiff attempted to induce or actually induced to leave M&A. It also asks defendants to "identify the contractual relationship existing with them or the factual basis for the expectancy of a business relationship, and the future economic benefit expected from each."[16] Defendants' response identifies customers but fails to address the other questions posed. Because defendants failed to provide complete responses to

---

[13] Fed. R. Civ. P. 37(a)(4).

[14] *See Cooper v. Old Dominion Freight Line, Inc.*, No. 09-2441-JAR, 2011 WL 251447, at *2 (D. Kan. Jan. 25, 2011) (finding that a party had waived its objection to an interrogatory by failing to rely on it in response to a motion to compel).

[15] Defs.' Responses to Bret Stouder's Second Interrogs. Propounded to Defts. at 7, ECF No. 134-3.

[16] *Id.* at 8.

4

Interrogatories Nos. 2 and 3, the court grants plaintiff's motion to compel with respect to these interrogatories. Defendants shall supplement their responses to these interrogatories without objection.

The parties also disagree as to whether defendants fully and completely responded to Interrogatories Nos. 1 and 4. Interrogatory No. 1 asks defendants to identify each of plaintiff's material breaches of the employment agreement. Defendants describe in detail several incidents they contend constitute a breach but also describe other alleged breaches more generally. They state plaintiff engaged in questionable discussions with customers, refused to cooperate with M&A, and threatened supervisors and employees with physical violence. According to plaintiff's motion, defendants agreed to provide more details for these general conclusions. Defendants do not dispute this account in their response brief. Accordingly, defendants shall supplement their response by providing more details about the general statements contained in their initial response.

Interrogatory No. 4 states, "As alleged in Paragraph 138 of your Amended Counterclaim, identify each improper and/or illegal means that you allege Mr. Stouder intentionally induced or attempted to induce a breach of contractual or prospective business relationships."[17] Because wording of the interrogatory does not make clear the information the plaintiff seeks, the court has difficulty assessing the sufficiency of defendants' response. Defendants have identified customers they believe plaintiff contacted after his departure from M&A, and they state they will supplement as appropriate. The court finds this is sufficient.

Defendants dispute the relevance of Interrogatory No. 6, which asks defendants to

---

[17] *Id.* at 9.

identify each person at M&A who has or who had "the ability to sign checks in amounts in excess of $125,001.00 since January 2008."[18] Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivilged matter that is relevant to any party's claim or defense . . . ." Relevant information need not be admissible at trial so long as it is reasonably calculated to lead to the discovery of admissible evidence.[19] The court broadly construes relevance at the discovery stage of litigation, and "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[20] "There is no presumption in the Federal Rules of Civil Procedure that a discovery request is relevant."[21] Nevertheless, relevance is often apparent to the court on the face of the request.[22] When it is not, the proponent of the discovery has the burden to show the relevance of the discovery sought.[23] If a discovery request seeks facially relevant information or if the proponent has demonstrated relevance, the party resisting discovery must establish the lack of relevance by demonstrating that the requested discovery either (1) is outside the scope of relevance as defined by Rule 26(b), or (2) is of such marginal relevance that the potential harm

---

[18] *Id.* at 11.

[19] Fed. R. Civ. P. 26(b)(1).

[20] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (quoting *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999)).

[21] *Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, No. 09-2656-KHV, 2010 WL 3880027, at *7 (D. Kan. Sept. 28, 2010) (citing *Thompson v. Jiffy Lube Int'l., Inc.*, 05-1203-WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007)).

[22] *Id.* (citing *Thompson*, 2007 WL 608343, at *8 n.20).

[23] *Id.* (citing *Thompson*, 2007 WL 608343, at *8 n.20; *Pulsecard, Inc. v. Discovery Card Servs.*, 168 F.R.D. 295, 309 (D. Kan. 1996)).

occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery.[24]

The court finds that on its face, the interrogatory does not seek relevant information. Therefore, plaintiff bears the burden to show its relevance. Plaintiff explains this interrogatory is relevant to his wage claims; specifically, who has the authority to write checks for wages, which he claims triggers individual liability under the Kansas Wage Payment Act (KWPA).[25] Importantly, plaintiff has not asserted a KWPA claim against any individual except for Defendant Madgy Elwany, and the deadline for amendments to the pleadings passed months before plaintiff filed this motion to compel. Moreover, plaintiff has not explained, nor is it apparent, how this information could tend to show individual liability under the KWPA. Because plaintiff has not demonstrated the relevance of this information, defendants' relevance objection is sustained, and the motion to compel is denied with respect to Interrogatory No. 6.

### B.     Third Requests for Production

#### 1.     Request Nos. 1, 2, 3, and 4

Request Nos. 1, 3, and 4 seek e-mails sent to or from plaintiff's former e-mail accounts. Request No. 2 seeks requests that e-mail sent to plaintiff's accounts be forwarded to M&A officials. Defendants state they have not located any responsive documents to Request No. 2. As for Request Nos. 1, 3, and 4, defendants state they have made a complete production. They state they have produced a .pst file containing all of plaintiff's e-mail. Plaintiff contends defendants have produced spam and not the full content of the e-mail accounts. Generally, a response that a party has produced all responsive documents suggests that judicial involvement

---

[24] *Id.* at *8 (citing *Gen. Electric Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004)).

[25] K.S.A. 44-313, *et seq.*

7

is unnecessary.[26] Likewise, the court cannot compel a party to produce responsive documents that do not exist.[27] In this case, plaintiff has not come forward with any evidence from which the court could conclude defendants have withheld responsive documents. To the extent defendants have additional responsive documents, they shall make a supplemental production. If the production is complete, defendants shall supplement their responses to these requests for production to indicate there are no additional responsive documents.

### 2. Request No. 7

This request seeks, "All correspondence from Donna Shepard to Bret Stouder since January, 2009."[28] Plaintiff states that defendants contend Ms. Shepard has extensive knowledge of the high-performance computing (HPC) field and has knowledge of the reasons for plaintiff's termination. He states he seeks this information in order to negate these assertions. Defendants contend this request is overly broad because plaintiff has failed to limit the request to e-mails relevant to this case. They have made a limited production of those e-mails they believe are relevant.

Defendants' overbreadth objection is sustained in part and overruled in part. The court fails to see how e-mails between plaintiff and Ms. Shepard would tend to show that she lacked knowledge of the HPC field. There is nothing in the briefs that informs the court of the nature of these e-mails or the type of information they contain. Nevertheless, e-mails between plaintiff

---

[26] *See Coffeyville Res. Refining & Mktg. v. Liberty Surplus Ins. Corp.*, No. 08-1204-WEB, 2009 WL 950811, at *1 (D. Kan. Apr. 7, 2009) (considering the merits of a motion to compel involving a dispute about the sufficiency of the responding party's production of documents when deposition testimony indicated the responding party withheld documents).

[27] *Azimi v. United Parcel Serv.., Inc.*, No. 06-2114-KHV, 2007 WL 2010937, at *9 (D. Kan. July 9, 2007).

[28] Defs.' Responses to Pl.'s Third Reqs. for Produc. of Docs. to Defs. at 5, ECF No. 134-5.

and Ms. Shepard could show the nature of their relationship, which could rebut defendants' assertion that Ms. Shepard served as plaintiff's supervisor and can testify as to reasons for his termination. However, plaintiff's employment was terminated in the summer of 2009. E-mails exchanged long after plaintiff no longer worked for M&A or TeamHPC would not appear likely to establish the nature of their relationship while plaintiff was employed. Accordingly, the court limits the request to e-mails between plaintiff and Ms. Shepard for the year 2009. Defendants shall make a supplemental production.

### 3. Request Nos. 10 and 11

Defendants state they have produced all responsive documents to these requests. Plaintiff states in his reply brief that he accepts this assertion and submits that an order compelling responses is unnecessary. Accordingly, plaintiff's motion to compel is denied with respect to these requests for production.

### 4. Request Nos. 12, 13, and 14

Request Nos. 12 and 13 seek credit card statements and requests for reimbursement from "Ms. Shepard, Mr. Elwany, and/or Mr. Overby."[29] Request No. 14 seeks receipts, reimbursements, and payments made in regard to Supercomputing 2008 and 2009. Because this information does not appear facially relevant to the court, plaintiff bears the burden to establish its relevance. Plaintiff contends this information pertains to defendants' assertion the TeamHPC division was not profitable. However, the bulk of the documents plaintiff seeks were generated after his departure from M&A. Moreover, plaintiff does not explain in any detail why he believes documents pertaining to these officials' expenditures and expenditures related to a trade

---

[29] *Id.* at 8.

9

show might establish that defendants charged TeamHPC with unrelated expenses. Without a significantly more detailed explanation of relevance from plaintiff, the court will not compel this discovery. Plaintiff's motion to compel is denied with respect to these requests for production.

### 6. Request Nos. 15 and 16

These requests seek information pertaining to "change orders" identified by defendants as having an impact on the decision to terminate plaintiff. Defendants initially asserted several objections in their response to the document requests; however, they rely on none of these objections in their response to the motion to compel, and therefore the court deems them abandoned. Defendants merely state they have already produced changes orders and requests for changes orders and will supplement as appropriate. The court is unclear whether defendants have fully and completely responded to these requests. Accordingly, defendants shall supplement their responses to these requests if indeed additional responsive documents exist.

### 7. Request Nos. 17-19

These requests seek information M&A provided to competitor Microtech pursuant to a subpoena and information provided "without a subpoena." The information sought in these discovery requests does not appear facially relevant, and therefore plaintiff bears the burden to establish its relevance. The court discussed substantially similar discovery requests in the undersigned's previous order ruling on plaintiff's motion to compel. For the same reasons previously articulated, the court finds plaintiff has failed to show the relevance of the information sought.[30]

### 8. Requests Nos. 20-22

---

[30] *See* Memorandum and Order at 19, ECF No. 149.

These document requests seek information regarding M&A's termination of Makoto Furukawa, a programmer for TeamHPC. Because these discovery requests do not seek facially relevant information, plaintiff bears the burden to establish relevance. Plaintiff states this information is relevant to defendants' claim for punitive damages. However, plaintiff does not explain what he expects this information may show and how exactly the information would tend to negate defendants' claim for punitive damages. The court finds plaintiff has not shown the relevance of the information requested. Accordingly, the motion to compel is denied with respect to these requests.

### C. Fourth Requests for Production

#### 1. Request Nos. 1-3

These requests seek contracts with customers and/or employees M&A alleges plaintiff attempted to induce or actually induced to leave M&A, documents supporting M&A's expectancy of a business relationship with these customers or employees, and documents showing the full economic benefit expected. This information appears facially relevant and discoverable. As such, defendants bear the burden to support their objections. Defendants fail to rely upon or support the initial objections raised in response to these discovery requests. Rather, defendants argue plaintiff has failed to fully respond to defendants' discovery requests, thereby hampering defendants' ability to respond to these document production requests. This is not a proper basis to refuse to produce documents. Defendants shall identify and produce all responsive documents currently known to them. If defendants later learn this response was incomplete, they are under an obligation to supplement. The motion to compel is granted with respect to these requests.

### 2. Request No. 4

This request seeks, "All documents authorizing each person to have the ability to sign checks in amounts in excess of $125,001.00 since January 2008."[31] The motion to compel is denied as to this request for the same reasons the court declines to compel a response to Interrogatory No. 6, which seeks similar information. This information does not appear facially relevant, and plaintiff has not met his burden to show relevance.

Accordingly,

**IT IS THEREFORE ORDERED** that Second Motion to Compel Discovery (ECF No. 134) is hereby granted in part and denied in part.

**IT IS FURTHER ORDERED** that within fourteen (14) days from the date of this order, defendants shall supplement their discovery responses as detailed in this Memorandum and Order.

**IT IS SO ORDERED.**

Dated this 28th day of February, 2011, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[31] Defs.' Responses to Pl.'s Fourth Reqs. for Produc. of Docs. to Defs. at 4, ECF No. 134-7.